930 P.2d 1361

David K. STROUSE III, Plaintiff–
Respondent,

v.

K–TEK, INC., a corporation, M. Keith Barrett and Diane Barrett, husband and wife, and John Does I through V, Defendants–Appellants.

K–TEK, INC., a corporation,
Counterclaimant–
Appellant,

v.

David K. STROUSE III,
Counterdefendant–
Respondent.

No. 22840.

Court of Appeals of Idaho.

Jan. 29, 1997.

---

Hepworth, Lezamiz & Hohnhorst, Twin Falls, for defendants–appellants.

Ellsworth, May, Sudweeks, Stubbs, Ipsen & Perry, Twin Falls, for plaintiff–respondent.

PERRY, Judge.

In this case, David K. Strouse III sought monetary damages for the breach of an employment contract. He alleged that K-tek, Inc., owed him $21,252 for services rendered. After a court trial, the district court found that K-tek owed Strouse a lesser amount. On appeal, K-tek challenges the factual finding of the district court regarding the amount that K-tek had previously paid Strouse. K-tek alleges that Strouse made a binding judicial admission that he had in fact received an amount greater than that which the district court found Strouse entitled to receive under the contract. K-tek asserts that the damage award was therefore precluded. We reverse the district court's judgment awarding damages to Strouse and remand the case to the district court for the entry of judgment in favor of K-tek.

## I.

## FACTS AND PROCEDURAL BACKGROUND

K-tek, Inc., builds and sells homes. In 1992, David K. Strouse III began work for K-tek as a real estate agent. Strouse and the president of K-tek, M. Keith Barrett, reviewed a written list of terms of employment in the fall of 1992. However, whether those terms were agreed to is in dispute. Among the terms reviewed at that time was a provision for Strouse to be paid a commission of 1 percent of the sale price of each home he sold, and if a buyer's agent was involved that agent would be paid 2.5 percent of the sale price. In 1993, Strouse joined the Multiple Listing Service (MLS) and became a real estate broker. At that time Barrett and Strouse signed an agreement, which conformed to the MLS requirements, which also provided for Strouse's payment to be by commission. This contract stated that the commission for each home sold would be 3.5 percent of the selling price. During 1992 and 1993, Strouse sold several houses for K-tek. Throughout his period of employment, Strouse received "draws" from K-tek that had no direct relation to the sale of a given home.

In 1993, Strouse entered into a separate agreement with K-tek to purchase a home valued at $120,000. Strouse was apparently unable to qualify for a loan to buy the home. Barrett provided a letter to the lender which indicated that $36,000 owed to Strouse in commissions had already been credited to the sale as earnest money. Strouse had his father-in-law pose as the borrower for an $84,000 loan to purchase the house. K-tek later took the position that the $36,000 earnest money payment was in reality a ruse upon the lender devised to enable Strouse to purchase the home. K-tek claimed it credited Strouse with $24,000 as an advance on commissions yet to be earned, received $8,000 from Strouse's father-in-law and was still owed approximately $5,000 ˙ which K-tek's president provided for Strouse at the closing of the loan. Strouse responded that the difference between the value of the home and the amount of his loan was, in effect, credited as payment by K-tek of commissions already owing to him. He further argued that he was expected to pay, through cash at closing and the loan amount, the "hard costs of construction," and that he did so.

As a result of the disintegrating relations between the parties, a dispute arose regarding the rate of commission to be paid to Strouse. Strouse filed a civil complaint claiming that K-tek had breached their contract by failing to pay the 3.5 percent commission on each home he sold for K-tek. K-tek alleged that the contract between the parties only provided for a 1 percent commission to Strouse and a 2.5 percent commission to the buyers' agents, if any. K-tek further alleged that, due to the credit given to Strouse at the time he purchased his home, K-tek had already paid more to Strouse than he had earned. The case proceeded to trial before the district court, which determined

that the employment contract between the parties provided for a commission in the amount of 1 percent of the sales price of the homes. The district court further found that on certain sales, near the time that Strouse purchased his home, the parties agreed to an increased commission. The district court determined that Strouse earned a total of $24,185 in commissions during his employment at K-tek. These findings are not challenged on appeal.

The district court then examined the amount of commissions which Strouse had actually received. The district court found that the tax records between the parties, specifically Strouse's 1099 form prepared by K-tek for the tax year 1993, were deceiving. The tax form reported Strouse's earnings in 1993 totaled $42,699.60. This amount allegedly included credit applied towards Strouse's home purchase as well as monetary payments to Strouse. The district court found that Strouse had actually been paid $20,100. The district court found that K-tek agreed to sell, and Strouse agreed to buy, a home for the "hard costs" of the home and that the reduction in price was not compensation for Strouse's work, past or future.

The district court then determined that there was a balance of $952.99 still owing to K-tek on the purchase of Strouse's home. The district court subtracted that amount from the difference between the amount for commissions owed and paid. Hence, according to the district court's findings and conclusions, Strouse was entitled to a damage award of $3,132.01 [1]. K-tek filed a motion to amend, I.R.C.P. 59(a), or in the alternative for relief from judgment, I.R.C.P. 60(b). K-tek argued that the question of the amount of compensation received by Strouse was admitted by Strouse in the pleadings and that the district court erred in making a finding contrary to the amount stated in those pleadings. The district court denied the motion.

K-tek appeals the district court's award of damages.

## II.

## ANALYSIS

K-tek claims error in the district court's award of damages to Strouse. K-tek argues that Strouse admitted in his complaint, and again at trial, that he had previously received as compensation for his services to K-tek $42,699.60. K-tek notes that this amount is well over the $24,185 to which the district court found Strouse entitled. K-tek claims that Strouse's statements were binding as judicial admissions. K-tek's argument continues that this issue was settled, and the district court erred in awarding damages in this situation. K-tek further claims that the district court erred in finding that the price reduction on Strouse's home was not compensation for Strouse's work in selling real estate.

■ The question of whether a statement constituted a judicial admission is a matter of law. Over questions of law, we exercise free review. *Kawai Farms, Inc. v. Longstreet,* 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992); *Cole v. Kunzler,* 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct.App.1989). A judicial admission is a formal act or statement made by a party or attorney, in the course of judicial proceedings, for the purpose, or with the effect, of dispensing with the need for proof by the opposing party of some fact. *McLean v. City of Spirit Lake,* 91 Idaho 779, 783, 430 P.2d 670, 674 (1967); 29A AM. JUR.2d *Evidence* § 770 (1994); BLACK'S LAW DICTIONARY 48 (6th ed. 1990). Generally, judicial admissions remove the admitted facts from the field of controversy. *Perry v. Schaumann,* 110 Idaho 596, 598, 716 P.2d 1368, 1370 (Ct.App.1986); *Mc-Lean,* 91 Idaho at 783, 430 P.2d at 674, 29A

---

1. The district court found that Strouse earned a total of $24,185 in commissions. K-tek denied $3,045 of that amount. From the $24,185 figure, the district court subtracted $20,100, which it found K-tek had paid to Strouse, leaving a balance of $4,085. The district court then took an off-set in the amount of $952.99, which it found still owing K-tek for Strouse's house. The total K-tek owes Strouse pursuant to this calculation

would be $3,132.01. However, the district court subtracted $952.99 from $3,045, the amount of commissions to which the district court found Strouse to be entitled but which K-tek did not acknowledge. Hence, due to this error the district court's final damage award was $1,040 less than intended by the district court. However, this issue becomes moot due to our holding on K-tek's first assignment of error.

AM. JUR.2d *Evidence* § 770. The party making a judicial admission is bound by the statement and may not controvert the statement on trial or appeal. 29 CHARLES A. WRIGHT & MICHAEL H. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 6726 (Interim Edition 1992); *see also McLean,* 91 Idaho at 783, 430 P.2d at 674; *Cloughley v. Orange Transportation Co.,* 80 Idaho 226, 230, 327 P.2d 369, 371 (1958).

■ We note that the Idaho Supreme Court has created a separate category of judicial admissions which consists of statements made within the evidence of a party. These admissions are termed informal judicial admissions and serve as prima facie proof of the facts stated, but may be controverted. *Crenshaw v. Crenshaw,* 68 Idaho 470, 475, 199 P.2d 264, 266 (1948); *Van Meter v. Zumwalt,* 35 Idaho 235, 241, 206 P. 507, 508 (1922). A related doctrine is that of evidentiary admissions, which may be used as proof toward a certain point but may also be controverted at trial by the party which made the admission. 29 WRIGHT & GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 6726.

The district court found that the 1099 document filed by K-tek was "not based on any corroborating records of K-tek, and both parties agreed that the amount did not reflect the actual [remuneration] of Strouse during 1993." In its memorandum opinion addressing K-tek's post-trial motions, the district court found that paragraph six of Strouse's complaint was based upon the fraudulent 1099. The district court determined that Strouse was not making a clear and affirmative statement regarding compensation he received from K-tek, but rather, was relying on the 1099. The district court concluded that in such a situation the complaint did not constitute an admission.

In considering whether a statement is a judicial admission, the courts are to determine if giving "conclusive effect to the statement [is] consistent with public policy upon which the rule is based." 29A AM. JUR.2d *Evidence* § 770. To be a judicial admission a statement must be a deliberate, clear, and unequivocal statement of a party about a concrete fact within that party's knowledge. *Id.* If the statement is equivocal it does not

qualify as a judicial admission. 29A AM. JUR.2d *Evidence* § 770. Strouse alleges that his statements were equivocal and therefore not properly considered a judicial admission.

■ We address first Strouse's statements in his complaint. Statements in the party's pleadings are generally seen as binding judicial admissions. *Cloughley,* 80 Idaho at 230, 327 P.2d at 371; *see also McLean,* 91 Idaho at 783, 430 P.2d at 674, 29 WRIGHT & GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 6726; 29A AM. JUR.2d *Evidence* § 770. In some states a pleading must be admitted into evidence to serve as a judicial admission. 29A AM. JUR.2d *Evidence* § 776 (1994). However, in Idaho, the pleadings may be considered for such purposes, within the case in which they were filed, without admission into evidence. *Koser v. Hornback,* 75 Idaho 24, 33, 265 P.2d 988, 993 (1954).

■ Strouse stated in his complaint:

During the term of the Employment Contract the defendants paid to the plaintiff $42,699.60 as evidenced by the 1099 form attached hereto as Exhibit "B".

This statement was in Strouse's complaint, was stated clearly and was within Strouse's personal knowledge. Hence, it qualifies as a judicial admission. Strouse argues that the statement is equivocal because it is based on a fraudulent document prepared by K-tek. Although the statement refers to the 1099 form prepared by K-tek, it is not conditioned upon the accuracy of that document. In fact, in his opening statement, Strouse's attorney reiterated that Strouse was seeking to recover the difference between the value of commissions earned and the amount shown on the 1099 form. The complaint does not state a belief that the amount was uncertain, unknown or anything different than what was evidenced by the document. Strouse was in a position to have personal knowledge of the amount he received while employed by K-tek. Rather than dispute it, Strouse made an affirmative assertion in his complaint as to that specific amount. Strouse's statement in his complaint amounted to a formal judicial admission and, as such, removed the issue of the amount K-tek paid him from the consideration of the district court. Hence, regard-

less of the nature of his in-court statements Strouse was bound by the judicial admission made in his complaint, and the district court could not make factual findings in contravention of the facts stated in Strouse's complaint. For the purposes of trial, K-tek paid Strouse $42,699.60 in 1993. Accepting the district court's findings regarding the amount Strouse had earned, which were not challenged on appeal, Strouse had already received more compensation than he was entitled to and the damage award was in error.

Accordingly, we reverse the district court's judgment and remand the case to the district court for the entry of judgment denying Strouse relief. In light of our disposition on this issue we need not address Strouse's statements at trial or K-tek's other assignment of error.

### III.

### CONCLUSION

In his complaint Strouse made a clear and unequivocal statement of the amount he had received as compensation from K-tek. This statement amounted to a judicial admission, and Strouse was bound by that statement, absent an amendment to his pleadings. The district court erred in making factual findings in contrast to Strouse's admission. We reverse the district court's award of damages and remand for the entry of judgment in K-tek's favor. Costs, but no attorney fees, are awarded to appellant, K-tek.

WALTERS, C.J., and LANSING, J., concur.