86 P.3d 475

**SUN VALLEY POTATO GROWERS, INC., an Idaho corporation, Plaintiff–Appellant,**

v.

**TEXAS REFINERY CORPORATION, a Texas corporation, Defendant–Respondent.**

**No. 28858.**

Supreme Court of Idaho, Boise, November 2003 Term.

Feb. 26, 2004.

Howard, Lopez & Kelly, P.L.L.C., Boise; John A. Bradley, Burley, for appellant. Thomas H. Lopez argued.

Cantrill, Skinner, Sullivan & King, L.L.P., Boise, for respondent. Robert D. Lewis argued.

KIDWELL, Justice.

This case arises from the destruction by fire of Sun Valley Potato Growers, Inc.'s (Sun Valley) potato warehouse. Sun Valley appeals from the district court's ruling in favor of Texas Refinery Corporation (Texas Refinery). Sun Valley argues the district court committed reversible error by giving certain jury instructions. Sun Valley further argues the district court abused its discretion when it denied Sun Valley's motion to amend their pleading, their motions in limine, and the district court's award of attorney fees to Texas Refinery. Based on the record before this Court, the Order of the district court is affirmed in part and vacated in part.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of property damage which was the result of a fire that took place on October 13, 1999, at a potato storage facility owned by Sun Valley and located in Paul, Idaho. On the day of the fire, workers for Neil Dille's roofing company, Neil's Roofing, were allegedly placing roofing material manufactured by Texas Refinery on the potato storage warehouse owned by Sun Valley. The fire completely destroyed Sun Valley's potato warehouse.

On May 10, 2000, Sun Valley sued Texas Refinery and Neil Dille as separate defendants for that fire. Sun Valley's original complaint alleged five separate claims against the defendants, including: (1) negligence; (2) failure to warn; (3) negligence under the peculiar risk doctrine; (4) respondeat superior; and (5) negligent supervision.

Sun Valley and Texas Refinery brought cross motions for summary judgment. By memorandum decision and order, the district

court entered judgment in favor of Texas Refinery and against Sun Valley on counts one, three, four, and five of Sun Valley's complaint. In its first Memorandum Decision and Order on Motion for Summary Judgment, dated August 24, 2001, the district court stated that Neil Dille was employed by Texas Refinery as a salesman. It also stated that neither Neil Dille nor his sole proprietorship, Neil's Roofing, were employed by Texas Refinery to apply roofing material. Additionally, Texas Refinery was not vicariously liable for any alleged negligence during the installation or application of the roofing material because it was not within the scope of Dille's employment with Texas Refinery.

The district court denied summary judgment on count two of Sun Valley's Complaint. Texas Refinery stayed in the case with Neil Dille for the alleged claim of negligent failure to warn Sun Valley about the potential fire hazard to the roof presented by the use of a propane torch during the application or installation process. On December 17, 2001, Texas Refinery made a second motion for summary judgment regarding count two of Sun Valley's complaint. This was denied by the district court.

On March 13, 2002, Sun Valley amended its complaint. Sun Valley's first amended complaint preserved the negligent failure to warn claim against Texas Refinery. It also added new claims against Texas Refinery based upon purported negligence in the sale of the Mightyplate roofing material; a claim for vicarious liability for the alleged negligent sales activities of Neil Dille; breach of the implied warranty of fitness for a particular purpose; and claims of equitable estoppel and quasi-estoppel.

On April 15, 2002, Sun Valley submitted its first motion in limine to exclude, *inter alia,* the presentation of any agency agreement between Texas Refinery and Neil Dille. On April 22, 2002, prior to trial, Neil Dille was dismissed by stipulation. On April 23, 2002, the district court denied Sun Valley's first motion in limine.

On April 23, 2002, the jury trial proceeded between Sun Valley and Texas Refinery. Sun Valley motioned the district court to amend their pleadings to conform to the evidence presented at trial in order to add a claim for breach of express warranty. This was denied. On April 29, Sun Valley submitted a second motion in limine, this time to exclude evidence of warnings and disclaimers given by Texas Refinery to Sun Valley regarding the hazards inherent in applying Mightyplate roofing material. The district court denied this motion. On April 30, 2002, the jury returned a special verdict form that found Texas Refinery was not negligent and did not breach the implied warranty of fitness for a particular purpose.

On June 4, 2002, the district court entered its findings of fact and conclusions of law on Sun Valley's equity claims. The district court concluded this was not an appropriate case for application of the doctrine of equitable estoppel, and that the evidence did not support the element of unconscionability under the quasi-estoppel doctrine. Judgment was entered in favor of Texas Refinery on the equitable claims.

On July 31, 2002, Judgment was entered against Sun Valley, reserving for later the determination of costs and disbursements. Texas Refinery then filed an affidavit and memorandum of costs and attorney fees. Over Sun Valley's objection, the district court awarded Texas Refinery mandatory costs and attorney fees from the time of Sun Valley's amended complaint. The district court denied Texas Refinery's request for discretionary costs. Sun Valley timely appeals to this Court.

## II.

## STANDARD OF REVIEW

"The standard of review for issues concerning jury instructions is limited to a determination [of] whether the instructions, as a whole, fairly and adequately present the issues and state the law. When the instructions, taken as a whole, do not mislead or prejudice a party, an erroneous instruction does not constitute reversible error." *Leslie v. J.C. Penney Life Ins. Co.,* 138 Idaho 305, 307, 62 P.3d 1101, 1103 (2003)(citing *Silver Creek Computers, Inc. v. Petra, Inc.,* 136 Idaho 879, 882, 42 P.3d 672, 675 (2002)).

Denials of motions to amend are reviewed under an abuse of discretion standard, *Farner v. Idaho Falls Sch. Dist. No. 91,* 135 Idaho 337, 341, 17 P.3d 281, 285 (2000), as are a trial court's motion in limine ruling, *Leavitt v. Swain,* 133 Idaho 624, 631, 991 P.2d 349, 356 (1999), and an award of attorney fees under I.C. § 12–120(3). *Fox v. Mountain West Elec., Inc.,* 137 Idaho 703, 711, 52 P.3d 848, 856 (2002) (citations omitted).

In reviewing a district court's exercise of discretion, this Court must consider whether the district court (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) reached its decision by an exercise of reason. *Lindberg v. Roseth,* 137 Idaho 222, 226, 46 P.3d 518, 522 (2002); *Shabinaw v. Brown,* 125 Idaho 705, 708, 874 P.2d 516, 519 (1994); *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

### A. The District Court's Jury Instructions, In Part, Did Not Fairly And Adequately Present The Issues And State The Law, But Results In Harmless Error.

Whether jury instructions fairly and adequately present the issues and state the applicable law is a question of law over which this Court exercises free review. *Perry v. Magic Valley Reg'l. Med. Ctr.,* 134 Idaho 46, 51, 995 P.2d 816, 821 (2000). When reviewing jury instructions on appeal, this Court asks whether the instructions, as a whole, fairly and adequately present the issues and state the law. *Leslie,* 138 Idaho at 305, 62 P.3d at 1103. If the Court finds the instructions adequately present the issues and state the applicable law, this Court will not reverse the trial court. *Leazer v. Kiefer,* 120 Idaho 902, 904, 821 P.2d 957, 959 (1991). However, if this Court does find the instructions are not factually or legally accurate, it will not reverse the trial court unless the instructions would mislead the jury or prejudice the complaining party. *Id.; see also Perry,* 134 Idaho at 51, 995 P.2d at 821.

#### 1. Jury Instruction No. 24—Whether Neil Dille Was An Agent Of Texas Refinery For Purposes Of Selling Mightyplate Roofing Materials To Sun Valley.

The district court committed error by giving jury instruction No. 24, however, it was harmless error because there is nothing in the record that indicated the jury was misled by jury instruction No. 24 or that Sun Valley was prejudiced by the error. A judicial admission is a statement made by a party or attorney, in the course of judicial proceedings, for the purpose, or with the effect, of dispensing with the need for proof by the opposing party of some fact. *Strouse v. K–Tek, Inc.,* 129 Idaho 616, 618–19, 930 P.2d 1361, 1363 (Ct.App.1997)(citing *McLean v. City of Spirit Lake,* 91 Idaho 779, 783, 430 P.2d 670, 674 (1967); 29A AM. JUR.2d Evidence § 770 (1994); BLACK'S LAW DICTIONARY 48 (6th ed.1990)).

Texas Refinery judicially admitted that Neil Dille was its agent at the time Dille sold the Mightyplate roofing material to Sun Valley. Allegation No. 40 of Sun Valley's amended complaint stated, "[t]hat at the time of and in connection with the sale of the Mightyplate product to Plaintiff, Defendant Dille was acting within the course and scope of his employment by Defendant TRC." Texas Refinery's answer to Sun Valley's First Amended Complaint stated, "Defendant TRC admits the allegations of Paragraph 40." In other words, Texas Refinery admitted Dille was acting as an agent of theirs at the time he was selling the Mightyplate roofing material to Sun Valley. Additionally, allegation No. 44 of Sun Valley's amended complaint stated, "That Defendant owed Plaintiff a duty to exercise reasonable care in the supervision of its employees, including but not limited to Defendant Dille." Texas Refinery's answer to No. 44 may also constitute a judicial admission: "In answer to Paragraph 44, Defendant TRC admits that Dille was its employee for purposes of the sale of the Mightyplate roofing material, but denies each and every remaining allegation in said para-

graph." Both of Texas Refinery's answers to Sun Valley's allegations constitute binding judicial admissions that dispense with the need for further proof on this issue. *See Griff, Inc. v. Curry Bean Co., Inc.,* 138 Idaho 315, 320–21, 63 P.3d 441, 447 (2003).

A judicial admission removes from the field of controversy the question of whether Neil Dille was an agent of Texas Refinery for the purpose of selling the Mightyplate roofing material to Sun Valley. *See Strouse,* 129 Idaho at 618–19, 930 P.2d 1361. Based on the above, Sun Valley was no longer required to prove at trial that Neil Dille was Texas Refinery's agent at the time Dille sold Texas Refinery's Mightyplate roofing material to Sun Valley.

The district court, however, left this question to the jury when it gave jury instruction No. 24, which stated:

> *If you find* that Neil Dille was an agent of Texas Refinery Corporation at the time he sold the Mightyplate roofing material to the plaintiff then any act or omission of Neil Dille in selling the product to the plaintiff was, in law, the act or omission of Texas Refinery Corporation. (emphasis added).

Jury Instruction No. 24 fails to recognize the judicial admission of Texas Refinery that Neil Dille was their agent at the time he sold Sun Valley the Mightyplate roofing material. In contrast, Sun Valley's proposed Jury Instruction No. 25 expressly stated that he was an agent and, therefore, better implemented the judicial admission rule stated above. Sun Valley's proposed Jury Instruction No. 25 reads: "Neil Dille was the agent of Texas Refinery at the time he sold Sun Valley Potato Growers Inc. the Mightyplate product. Therefore, any act or omission of Neil Dille at that time was in law the act or omission of Texas Refinery." As such, Sun Valley's proposed Jury Instruction No. 25 may have been more appropriate because it better recognized the judicial admission rule.

Next, even though Jury Instruction No. 24 misstates the law by failing to recognize Dille was an agent, the misstatement must either mislead the jury or prejudice the defendant to be reversible error. *See Leazer,* 120 Idaho at 904, 821 P.2d at 959. A prejudicial jury instruction constitutes reversible error. *Highland Enter., Inc. v. Barker,* 133 Idaho 330, 343, 986 P.2d 996, 1009 (1999). To reverse on prejudice grounds, Sun Valley must establish that it was prejudiced and that the error affected the jury's conclusion. *Id.* Although pertaining to ineffectiveness of counsel, prejudice is defined as "a reasonable probability that... the result of the proceeding would have been different." *Hernandez v. State,* 127 Idaho 685, 687–88, 905 P.2d 86, 88–89 (1995). By analogy, this general definition of prejudice can be applied to this setting.

In this case, even though the district court should not have left the determination up to the jury to decide whether Dille was an agent of Texas Refinery's at the time of sale, there was uncontradicted evidence in the record for the jury to reasonably determine that Neil Dille was an agent at the time of sale. There is nothing in the record to show that the misstatement by the district court misled the jury. There is also nothing in the record to show that this action by the district court prejudiced Sun Valley. When viewing the jury instructions as a whole, and being deferential to the trial judge, this Court finds that it was error for the district court to give Jury Instruction No. 24. *See Boel,* 137 Idaho at 12, 43 P.3d at 771. However, it was harmless error because there was nothing in the record to show that the misstatement by the district court misled the jury or prejudiced Sun Valley.

### 2. Jury Instruction Nos. 28, 29 And 30—Negligent Failure To Warn, Misuse, And Assumption Of The Risk.

A review of Jury Instruction Nos. 28–30 shows those instructions as a whole, fairly and adequately present the issues and state the law. Jury Instruction Nos. 28–30 address negligent failure to warn, and the affirmative defenses of misuse and assumption of risk, respectively. Jury Instruction Nos. 28–30 pertain to the second section of the special verdict form, which addresses whether Texas Refinery breached its implied warranty of fitness for a particular purpose in connection with the sale of the Mightyplate roofing ma-

terial to Sun Valley. Based on the record before this Court, Jury Instruction Nos. 28–30 fairly and adequately present the issue and state the law. *Leslie,* 138 Idaho at 305, 62 P.3d at 1103. Therefore, this Court finds the district court did not commit reversible error by giving Jury Instruction Nos. 28–30.

### B. The District Court Did Not Abuse Its Discretion In Denying Sun Valley's Rule 15(b) Motion To Amend Their Complaint To Conform To The Evidence Presented At Trial.

Idaho Rule of Civil Procedure 15(b) governs the amendment of pleadings to conform to the evidence. Rule 15(b) provides in relevant part:

> When issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues.

The district court has wide discretion in permitting or denying amendment of pleadings to conform to the evidence. *Sweitzer v. Dean,* 118 Idaho 568, 574, 798 P.2d 27, 33 (1990). The determination of whether an issue has been tried by the express or implied consent of the parties is a matter within the trial court's discretion. *Smith v. King,* 100 Idaho 331, 335, 597 P.2d 217, 221 (1979); *Lynch v. Cheney,* 98 Idaho 238, 241, 561 P.2d 380, 383 (1977). Although amendments to pleadings should be liberally allowed, the ruling of a district court will not be overturned absent a showing of abuse of discretion. *Sweitzer,* 118 Idaho at 574, 798 P.2d at 33; *Smith,* 100 Idaho at 335, 597 P.2d at 221; *Obray v. Mitchell,* 98 Idaho 533, 567 P.2d 1284 (1977).

This Court reviews a district court's exercise of discretion under the abuse of discretion standard. *Lindberg,* 137 Idaho at 226, 46 P.3d at 522; *Shabinaw,* 125 Idaho at 708, 874 P.2d at 519; *Hedger,* 115 Idaho at 600, 768 P.2d at 1333. Under that standard, this Court considers whether the district court's exercise of discretion was within the bounds of its authority, consistent with legal standards, and based on an exercise of reason. *Lindberg,* 137 Idaho at 226, 46 P.3d at 522; *Shabinaw,* 125 Idaho at 708, 874 P.2d at 519; *Hedger,* 115 Idaho at 600, 768 P.2d at 1333.

In this case, the district court based its decision on Rule 15(b) and properly exercised its discretion within the bounds of the district court's authority and consistent with legal standards.

It is on the third prong of the abuse of discretion standard that Sun Valley makes the thrust of its argument. Sun Valley contends the district court denied their motion based on the "prejudice" it would cause Texas Refinery if the motion were granted. However, a review of the trial transcript shows that Sun Valley's argument is misplaced. The district court did not base its decision to deny Sun Valley's motion on "prejudice." The district court denied Sun Valley's motion because Neil Dille's trial testimony, when compared to his deposition testimony, did not amount to a consensual trial, expressly or impliedly, on the issue of an express warranty; rather, Dille's trial and deposition testimony amounted to nothing more than warnings and precautions that would need to be taken while installing the Mightyplate roofing to Sun Valley's potato warehouse. Because this is a determination within the district court's discretion, *see Smith,* 100 Idaho at 335, 597 P.2d at 221; *Lynch,* 98 Idaho at 241, 561 P.2d at 383, this Court finds the district court reached its decision based on an exercise of reason. Therefore, the district court did not abuse its discretion in denying Sun Valley's motion to amend their pleadings.

### C. The District Court Did Not Err In Denying Sun Valley's Two Motions In Limine.

Sun Valley argues the district court abused its discretion in denying two of Sun Valley's motions in limine. Trial courts have broad discretion when ruling on motions in limine. *Appel v. LePage,* 135 Idaho 133, 135, 15 P.3d 1141, 1143 (2000). A trial court's

motion in limine ruling is reviewed under an abuse of discretion standard. *Leavitt,* 133 Idaho at 631, 991 P.2d at 356. This standard requires a three-pronged inquiry to determine whether the district court (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion and consistently with the legal standards applicable to the specific choices before it; and (3) reached its decision by an exercise of reason. *Leavitt,* 133 Idaho at 631, 991 P.2d at 356; *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). Absent a clear showing of abuse, a district court's exercise of discretion will not be overturned. *Appel,* 135 Idaho at 135, 15 P.3d at 1143.

**1. Sun Valley's Motion In Limine To Bar The Introduction Of Any Agency Agreement Between Texas Refinery And Neil Dille.**

The district court did not abuse its discretion by denying Sun Valley's motion in limine, which sought to exclude the introduction of any agency agreement between Texas Refinery and Neil Dille. Sun Valley argues the district court abused its discretion when it denied Sun Valley's motion in limine to bar the introduction of any agency agreement between Texas Refinery and Neil Dille. A review of the trial transcript shows this is not the case.

Given that the district court denied Sun Valley's motion in limine, it clearly perceived the issue as discretionary. Additionally, because a trial court is given such broad discretion in ruling on motions in limine, the district court's denial of Sun Valley's motion was within the bounds of its discretion and consistent with legal standards. *See Appel,* 135 Idaho at 135, 15 P.3d at 1143. Furthermore, the district court displayed sound reasoning for its conclusion when it noted that it was impractical to "try and redact key portions" of the agency agreement between Texas Refinery and Neil Dille so that the jury would not hear them and then turn around and "try to instruct them on the law without them knowing what the actual agreement between the parties was."

Given the broad grant of discretion afforded a trial court's ruling on a motion in limine, it cannot be said the district court abused its discretion. *See Appel,* 135 Idaho at 135, 15 P.3d at 1143.

**2. Sun Valley's Motion In Limine To Exclude Exhibits A–G.**

The district court did not abuse its discretion in denying Sun Valley's motion in limine to exclude exhibits A–G. Sun Valley argues the district court abused its discretion when it denied their second motion in limine, thereby allowing into evidence exhibits A–G. However, a review of the trial transcript shows this is not the case.

First, the district court exercised its discretion when it denied Sun Valley's motion in limine. This is within the district court's purview. *See Appel,* 135 Idaho at 135, 15 P.3d at 1143. Second, given a trial court's broad discretion in ruling on motions in limine, the district court's denial of Sun Valley's motion was within the bounds of its discretion and consistent with legal standards. *See Id.* Finally, the district court displayed sound reasoning in denying Sun Valley's motion to prohibit the introduction of exhibits A–G when it stated:

> "I believe that this is a question that should be submitted to the jury ultimately: Whether the limitations of liability were, in fact, part of the bargain. And, frankly, significant evidence of those limitations has already been admitted in this case, and I believe this is something that the defendant should be permitted to develop through evidence. Whether the facts will ultimately show that the limitations were made at the time of the bargain or were part of the bargain, whichever the appropriate standard is, remains to be seen."

Therefore, the district court's denial of this motion in limine was not an abuse of discretion.

In conclusion, the district court did not abuse its discretion when it denied both of Sun Valley's motions in limine.

### D. The District Court Erred By Awarding Attorney Fees To Texas Refinery.

Sun Valley argues that even if the award of attorney fees is appropriate under I.C. § 12–120(3), it should still be reversed because Texas Refinery failed to submit any information to the district court that substantiates the reasonableness of the amount of the attorney fees that it claims.

The "reasonableness" of an attorney fee award is based on the trial court's consideration of the factors in I.R.C.P. 54(e)(3). *See* I.R.C.P. 54(e)(3); *Irwin Rogers Ins. Agency, Inc. v. Murphy,* 122 Idaho 270, 277, 833 P.2d 128, 135 (Ct.App.1992). The factors of Rule 54(e)(3) include: time and labor; difficulty; skill required; prevailing charges; fixed or contingent fee; time limitations; amount and result; undesirability of the case; relationship with the client; awards in similar cases; costs of automated research; and any other factors.

Attorney fees are a discretionary matter for the trial court and are reviewed under an abuse of discretion standard. *See Bott v. Idaho State Bldg. Auth.,* 128 Idaho 580, 592, 917 P.2d 737, 749 (1996). Although a trial court is not required to make "specific findings demonstrating how it employed any of the factors in Rule 54(e)(3)," it is required to consider those factors when determining the amount of the fees to award. *Perkins v. U.S. Transformer West,* 132 Idaho 427, 430, 974 P.2d 73, 76 (1999). As the Court of Appeals succinctly stated in *Hackett v. Streeter,* 109 Idaho 261, 264, 706 P.2d 1372, 1375 (Ct.App.1985):

> If we require the trial court to consider the enumerated factors in rule 54(e)(3), then it logically follows as a corollary that the court must have sufficient information at its disposal concerning those factors. Some information may come from the court's own knowledge and experience, some may come from the record of the case, but some obviously can only be supplied by the attorney of the party who is requesting the fee award....
>
> We believe it is incumbent upon a party seeking attorney fees to present sufficient information for the court to consider factors as they specifically relate to the *prevailing* party or parties seeking fees.

*Hackett v. Streeter,* 109 Idaho 261, 264, 706 P.2d 1372, 1375 (Ct.App.1985) (emphasis in original). In other words, a party seeking an award of attorney fees can claim privilege and not give up their time sheets, but it will foreclose an award of attorney fees because it prevents the trial court from properly determining the amount of the award.

In this case, considering the factors of rule 54(e)(3), the district court's award of attorney fees was proper. Nevertheless, Texas Refinery's refusal to submit time sheets forecloses the district court from determining the proper amount to award. Because Texas Refinery exercised its right to claim the privilege, it is foreclosed from collecting attorney fees at the trial court level. For this reason, we vacate the district court's award of attorney fees to Texas Refinery.

### E. Texas Refinery Is Entitled To Attorney Fees On Appeal.

Texas Refinery argues if it prevails on appeal, it should be awarded attorney fees pursuant to I.C. § 12–120(3) because a commercial transaction underlies this lawsuit. "This Court has interpreted I.C. § 12–120(3) to mandate the award of attorney fees on appeal as well as at trial." *Fox,* 137 Idaho at 712, 52 P.3d at 857 (quoting *Eagle Water Co., Inc. v. Roundy Pole Fence Co., Inc.,* 134 Idaho 626, 629, 7 P.3d 1103, 1106 (2000)). Under I.C. § 12–120(3), the gravamen of the lawsuit must be a commercial transaction. *Primary Health Network, Inc. v. State, Dept. of Admin.,* 137 Idaho 663, 671, 52 P.3d 307, 315 (2002). As the district court properly found, a commercial transaction underlies this case. Therefore, pursuant to the terms of I.C. § 12–120(3), Texas Refinery is entitled to attorney fees on appeal because it is the prevailing party.

## IV.

## CONCLUSION

This Court affirms the district court's giving of Jury Instruction No. 24 because the district court's failure to recognize Texas Re-

finery's judicial admission was harmless error. Additionally, we affirm the district court's giving of Jury Instruction Nos. 28–30 because they fairly and adequately present the issue and state the law. The district court did not abuse its discretion by denying Sun Valley's rule 15(b) motion to amend their complaint to conform to the evidence presented at trial, nor did it abuse its discretion by denying Sun Valley's two motions in limine. This Court vacates the district court's award of attorney fees, despite being proper according to Rule 54(e)(3), because Texas Refinery exercised its right to claim privilege which forecloses Texas Refinery from collecting attorney fees at the trial court level. Texas Refinery is awarded attorney fees on appeal. Costs to Texas Refinery.

Chief Justice TROUT and Justices SCHROEDER, EISMANN, and BURDICK concur.