**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46573**

| | | |
|---|---|---|
| ASPIRE PROPERTIES LLC, an Idaho limited liability company, | ) ) | Filed: April 8, 2020 |
| | ) | |
| Plaintiff-Counterdefendant- Appellant, | ) ) | Karel A. Lehrman, Clerk |
| | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| v. | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| BLAINE HOWELL, an individual, | ) | |
| | ) | |
| Defendant-Counterclaimant- Respondent. | ) ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order awarding attorney fees, <u>affirmed</u>.

Barkley Smith, Boise, for appellant.

Blaine Howell, American Falls, pro se respondent.

BRAILSFORD, Judge

Aspire Properties LLC (Aspire) appeals from the district court's order awarding attorney fees. Aspire argues the court erred by awarding Aspire attorney fees in an amount less than it requested. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The underlying dispute in this case involved several leases for a single residential property. Blaine Howell owned a home in Chubbuck and entered into a lease agreement with Aspire with an option to purchase the property. Thereafter, Aspire entered into a sublease agreement with Jason and Jessica Paul with an option to purchase. When the Pauls became dissatisfied with the terms in their sublease with Aspire, they contacted Howell, who entered into a lease agreement directly with them. As a result, Aspire sued Howell and the Pauls asserting that the Pauls breached the sublease with Aspire and that Howell breached the lease with Aspire; tortiously interfered with Aspire's sublease with the Pauls; and was unjustly enriched.

1

During the course of the case, Aspire filed a motion for summary judgment, which the district court granted in part and denied in part. The parties participated in an unsuccessful mediation, and eventually a bench trial was held but only after the trial was twice continued. Following trial, the court entered a written decision concluding that the Pauls breached the sublease with Aspire; Howell tortiously interfered with the sublease between Aspire and the Pauls; and the lease between the Pauls and Howell was void. The court awarded Aspire damages in the amount of $8,595 against the Pauls and $14,400 against Howell.

After the district court entered judgment, Aspire filed a memorandum of fees and costs requesting attorney fees in the amount of $24,456 and a supporting affidavit detailing the calculation of this amount. The Pauls filed an objection to Aspire's request but Howell did not. After a hearing on Aspire's request, the court issued a written decision awarding attorney fees to Aspire under Rule 54(e) of the Idaho Rules of Civil Procedure, which allows for an award of attorney fees to the prevailing party when provided for by contract. The court found the contracts at issue provided for an award of attorney fees and that Aspire was the prevailing party. The court, however, only awarded Aspire $7,500 in fees, which award it divided between the defendants with the Pauls owing $2,775 and Howell owing $5,025.

Aspire timely appealed the district court's order awarding fees.[1]

## II.

## STANDARD OF REVIEW

An award of attorney fees and costs is within the trial court's discretion and is subject to review for an abuse of discretion. *H2O Envtl., Inc. v. Farm Supply Distribs, Inc.*, 164 Idaho 295, 299, 429 P.3d 183, 187 (2018) (calculating reasonable attorney fee is within court's discretion). "The burden is on the party opposing the award to demonstrate that the district court abused its discretion." *Johannsen v. Utterbeck*, 146 Idaho 423, 432, 196 P.3d 341, 350 (2008). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

---

[1]  Aspire filed its appeal against both the Pauls and Howell but thereafter moved to dismiss the Pauls from the appeal, which motion was granted.

# III.

# ANALYSIS

Aspire argues the district court "did not reach its decision through an exercise of reason or by applying the applicable legal standards." Rule 54(e)(1) of the Idaho Rules of Civil Procedure provides that the court may award reasonable attorney fees to the prevailing party in a civil action when provided for by contract. Rule 54(e)(3) in turn provides that if the court grants attorney fees to a party, it must consider the following factors in determining the amount of such fees:

(A)  the time and labor required;
(B)  the novelty and difficulty of the questions;
(C)  the skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law;
(D)  the prevailing charges for like work;
(E)  whether the fee is fixed or contingent;
(F)  the time limitations imposed by the client or the circumstances of the case;
(G)  the amount involved and the results obtained;
(H)  the undesirability of the case;
(I)  the nature and length of the professional relationship with the client;
(J)  awards in similar cases;
(K)  the reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case;
(L)  any other factor which the court deems appropriate in the particular case.

Because the trial court is required to consider these enumerated factors, "it is incumbent upon a party seeking attorney fees to present sufficient information for the court to consider the factors as they specifically relate to the prevailing party." *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 769, 86 P.3d 475, 483 (2004) (quoting *Hackett v. Streeter*, 109 Idaho 261, 264, 706 P.2d 1372, 1375 (Ct. App. 1985)) (italics omitted). Some information may come from the court's knowledge and experience and from the record of the case, but some information only the party requesting the fee award can provide. *Sun Valley Potato Growers*, 139 Idaho at 769, 86 P.3d at 483. "Though it is not necessary for the court to address all of the [Rule 54(e)(3)] factors in writing, the record must clearly indicate the court considered all of the factors." *Johannsen*, 146 Idaho at 432-33, 196 P.3d at 350-51. The overarching legal standard is one of reasonableness. *H2O Envtl.*, 164 Idaho at 300, 429 P.3d at 188. The record should indicate an explanation of the relationship between the court's evaluation of the Rule 54(e)(3) factors and its decision regarding the amount of attorney fees awarded. *H2O Envtl.*, 164 Idaho at

3

300, 429 P.3d at 188. A fee award based on "pure conjecture" or "out of thin air" is inappropriate. *Johannsen*, 146 Idaho at 433, 196 P.3d at 351.

In support of Aspire's argument that the district court did not apply the correct legal standard or exercise reason, Aspire relies on *Johannsen*, 146 Idaho 423, 196 P.3d 341. In that case, the Court remanded an attorney fee award to the trial court for reconsideration under the correct legal standard. *Id.* at 433, 196 P.3d at 351. The Court's opinion quoted the trial court's comments about the amount of the fee award, including the following:

> On the attorney's fees, I could put the attorneys under oath and have them examined and cross-examined and try to figure out how much time was spent on every little thing and what claim and counterclaim it related to and go for all day trying to figure that out. But I did sit through the trial. I did practice law for 25 years doing litigation. I've sat on many, many, many court trials; many, many jury trials as a judge; and I know what attorneys charge in this locality. I know what is excessive work [sic] and what is reasonable work. I know what needs to be done.
> So I think having to go through the jury trial, which would have been avoided had the counterclaim been dropped, getting ready for that and doing that is about a $10,000 project. So I'm going to award $10,000 . . . .

*Id.* The Court concluded that "it is unclear why the district court determined that the attorney's fees [requested] were excessive, other than the judge's vague statement that he knows what is excessive and what is reasonable based on his litigation experience" and that "the district court seem[ed] to pull the award of attorney's fees out of thin air." *Id.* The Court remanded and instructed the court "to make a finding as to why the requested attorney's fees were excessive." *Id.*

Aspire also relies on *H2O Envtl.*, 164 Idaho 295, 429 P.3d 183. In that case, the Idaho Supreme Court ruled:

> It is not enough for a trial court to acknowledge the existence of the Rule 54(e)(3) factors; rather, it must appear that there is a reasonable application of those factors in the trial court's decision regarding the amount of attorney's fees to be awarded. Stated differently, in the absence of a clear explanation from the trial court, we will find an abuse of discretion when a trial court acknowledges the governing legal standard and arrives at a decision that appears to be incongruent with the application of that standard.

*H2O Envtl.*, 164 Idaho at 300, 429 P.3d at 188. The Court concluded nothing in the record explained the relationship between the trial court's evaluation of the Rule 54(e)(3) factors and the amount of fees awarded, and it remanded for reconsideration under the correct legal standard. *H2O Envtl.*, 164 Idaho at 300, 429 P.3d at 188.

4

Aspire argues that--just as in *Johannsen*--the district court "plucked the figure $7,500 out of thin air as a reasonable attorney fee" and "did not actually address any excessive hours spent on the case." Aspire points to the court's comments at the conclusion of the hearing on Aspire's request for fees:

> I don't like attorney fees. I have to be frank about it. It's not my favorite subject; because it is difficult to evaluate what's fair, what's reasonable, is there a decent legal basis for it. There appears to be in this particular case, because you have a contractual provision and everybody agrees with that. Mr. Howell has filed no objection to it.
> All I can do, and this is always true in attorney fee requests, is to sit down, look over the case, and decide what I think is reasonable. That's entirely within my discretion to do that. The courts of appeal are loathe--in fact, you almost never see a reversal of a decision on award of attorney fees, because it's so discretionary.
> So all I can do is make a decision and decide whether--same things I did on the underlying case; evaluate the law, evaluate the rules, and make the best decision I can. And that's all I can do, and that's what I'll do.
> But I will tell you this: I don't think in ten years that I've ever awarded the full amount requested. I don't think I ever have.
> But be that as it may, I'll take a look at it. We'll go from there.

Aspire's sole reliance on these comments, however, ignores the district court's written decision. In that decision, the district court addressed nearly all of the Rule 54(e)(3) factors:

> The case was actively litigated and multiple motions were filed. All parties engaged in a short mediation and could not reach an agreement, which lead to trial. The matter was an action to collect on a breach of contract regarding a number of leases that were entered into by the parties and cannot be described as novel. Nor does it appear to the Court that litigation in this matter presented any other unusual difficulty to counsel. It was not a case that required unusual time or labor. The attorneys who appeared were skilled at the tasks required but the case did not require[] any particular legal expertise. The hourly rate is within the range in this area. The amount involved, although significant in the eyes of the parties, did not make this case particularly large.
> Here, Aspire has asked for $24,456.00 in attorney fees. The Court has carefully reviewed all factors identified in Rule 54(e)(3) and determines that the sum required by Aspire is unreasonable, and awards attorney fees in the amount of $7,500.00. Such an award is reasonable for the litigation in this case, with an eye to the amount involved in the case, the result obtained, and prevailing charges for like work.

Aspire fails on appeal to address this written order entered after the district court's comments at the conclusion of the attorney fees hearing. In particular, Aspire fails to challenge the court's reasoning that the award of $7,500 "is reasonable for the litigation in this case, with

an eye to the amount involved in the case, the result obtained, and prevailing charges for like work."

Further, Aspire's argument on appeal that the district court did not "go beyond" acknowledging Rule 54(e)(3) is inaccurate. In its written opinion, the court addressed nearly every factor in Rule 54(e)(3). Aspire fails to identify any particular factor that the court did not consider which would have weighed in Aspire's favor. To the extent the court did not address certain factors in writing, such as the reasonable cost of automated legal research and the nature of the fee agreement, that information was included in Aspire's supporting affidavit, and the record shows the court considered that affidavit. *See Johannsen*, 146 Idaho at 432-33, 196 P.3d at 350-51 (noting court does not need to address all Rule 54(e)(3) factors in writing as long as record clearly indicates consideration). Also, to the extent the court did not consider the nature and length of the professional relationship between Aspire and its attorney, nothing in the record indicates Aspire provided that information for the court's consideration. *See Sun Valley Potato Growers*, 139 Idaho at 769, 86 P.3d at 483 ("[I]t is incumbent upon a party seeking attorney fees to present sufficient information for the court to consider the factors as they specifically relate to the prevailing party.").

Although we agree with Aspire that the district court's open expression of disdain for awarding attorney fees is not optimal, we hold Aspire failed to meet its burden to show an abuse of discretion. Contrary to the court's comments after the conclusion of the attorney fees hearing, the court in its written decision applied the correct legal standard and determined a fee award based on the exercise of reason.

Aspire requests attorney fees incurred on appeal. We decline to award fees on appeal, however, because Aspire is not the prevailing party.

## IV.

## CONCLUSION

Aspire fails to show the district court abused its discretion. Accordingly, we affirm the district court's order awarding Aspire $7,500 in attorney fees. Costs are awarded to Howell as the prevailing party.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.