**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51205**

| | | |
|---|---|---|
| AGRICULTURAL SERVICES, INC., an Idaho Corporation, | ) ) ) | **Filed:  April 9, 2025** |
| Plaintiff-Respondent, | ) ) ) | **Melanie Gagnepain, Clerk** |
| v. | ) ) ) | **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| DOUGLAS K. FREELAND, | ) ) | |
| Defendant-Appellant. | ) ) ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bear Lake County.  Hon. Mitchell W. Brown, District Judge.

Judgment awarding post-judgment costs and attorney fees for execution of a prior judgment, <u>affirmed</u>.

Douglas K. Freeland, Grace, pro se appellant.

Baker & Harris; Jared M. Harris, Blackfoot, for respondent.

_____

LORELLO, Judge

Douglas K. Freeland appeals from a judgment awarding post-judgment costs and attorney fees incurred for the execution of a prior judgment against him.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Following entry of a partial summary judgment in favor of Agriculture Services, Inc. (AGI), the district court entered a judgment in favor of AGI in the sum of $44,898.58.  The district court later awarded AGI costs and attorney fees, which resulted in an amended judgment in favor of AGI for $57,999.58.  Due to an intervening bankruptcy proceeding and to reflect accumulated interest on the amended judgment, the district court entered a second amended judgment in favor of AGI in the sum of $60,155.63.  On June 5, 2020, property owned by Freeland was sold at a sheriff's sale and the proceeds partially satisfied the second amended judgment.

1

AGI subsequently sought an award of costs and attorney fees incurred post-judgment related to its efforts to enforce and collect the amounts reflected in the second amended judgment. AGI's attorney fees request was based on I.C. § 12-120(5), which provides:

> In all instances where a party is entitled to reasonable attorney's fees and costs under subsection (1), (2), (3) or (4) of this section, such party shall also be entitled to reasonable postjudgment attorney's fees and costs incurred in attempting to collect on the judgment. Such attorney's fees and costs shall be set by the court following the filing of a memorandum of attorney's fees and costs with notice to all parties and hearing.

Freeland objected to AGI's request for post-judgment costs and attorney fees. The district court awarded AGI post-judgment costs and attorney fees in the amount of $11,489.06. Freeland appeals.

## II.

## STANDARD OF REVIEW

A district court's award of attorney fees is reviewed under an abuse of discretion standard. *Alsco, Inc. v. Fatty's Bar, LLC*, 166 Idaho 516, 533, 461 P.3d 798, 815 (2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

### A. Post-Judgment Costs and Attorney fees

Freeland asserts the district court abused its discretion when awarding post-judgment costs and attorney fees to AGI, arguing the request for costs and attorney fees was untimely filed or, in the alternative, the costs and attorney fees accrued are unreasonable.

### 1. Timeliness

We first address Freeland's argument that AGI's request for post-judgment costs and attorney fees was untimely. Freeland relies on I.R.C.P. 54(d)(4) as support, which provides:

> At any time after the verdict of a jury or a decision of the court, but not later than 14 days after entry of judgment, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense. The memorandum must state that to the best of the party's knowledge and belief the

items are correct and that the costs claimed are in compliance with this rule. Failure to timely file a memorandum of costs is a waiver of the right to costs. A memorandum of costs prematurely filed is considered as timely.

Freeland contends the fourteen-day-time limit applies to AGI's request for post-judgment costs and attorney fees. He notes that AGI requested post-judgment costs and attorney fees thirty-eight days from the date the writ was satisfied and argues the district court erred in awarding post-judgment costs and attorney fees because the request was untimely.

The Idaho Supreme Court expressly rejected this argument in *Bronco Elite Arts & Athletics, LLC v. 106 Garden City, LLC*, 172 Idaho 506, 534 P.3d 558 (2023). In that case, Bronco Elite requested attorney fees it incurred in opposing several of the defendant's post-judgment motions. The district court denied portions of the request, concluding the request was untimely pursuant to the fourteen-day deadline in I.R.C.P. 54 and reasoned that post-judgment fee requests awardable by statute must still be filed within fourteen days from the entry of the order giving rise to the fee request. *Id.* at 528, 534 P.3d at 580. Boise Elite appealed, arguing the district court erred in applying the fourteen-day deadline in I.R.C.P. 54 to its request for attorney fees. The Idaho Supreme Court agreed and held the district court erred in imposing the rigid fourteen-day deadline as it did. The Supreme Court noted that I.C. § 12-120(5) specifically provides a mechanism for an aggrieved party to obtain post-judgment attorney fees. The Supreme Court concluded that a strict interpretation of the fourteen-day deadline in I.R.C.P. 54 would render I.C. § 12-120(5) a nullity and would be contrary to the purpose of the statute. The Supreme Court held that, "in order to collect post-judgment attorney fees, a party must request such fees within a reasonable time of incurring them. Because the district court erred in concluding the fourteen-day deadline applied to Bronco Elite's request for post-judgment attorney fees, it abused its discretion in denying the request." *Bronco Elite*, 172 Idaho at 529, 534 P.3d at 581. Thus, Freeland's argument that the fourteen-day-time limit applies to AGI's request for post-judgment costs and attorney fees fails.

### 2. Duplication of costs and attorney fees

Freeland next contends that the sheriff's sale conducted on June 5, 2020, should have included AGI's costs and attorney fees incurred from April 9, 2020, to the sale date. He asserts these costs and attorney fees were required to be collected at the time of the sheriff's sale pursuant to I.R.C.P. 54(d)(1)(F), which provides, in relevant part, that "all costs and attorney fees approved by the court and fees for the service of the writ of execution upon a judgment are automatically

3

added to the judgment as costs and collected by the sheriff in addition to the amount of the judgment and other allowed costs." Alternatively, Freeland contends that AGI is time-barred from collecting the costs and attorney fees because AGI failed to claim the fees and costs within fourteen days of the sheriff's sale.

These arguments are not persuasive. AGI was awarded $13,101 in costs and attorney fees in the second amended judgment dated April 20, 2020. As noted by the district court, the costs and attorney fees approved by the district court were incurred from March 16, 2018, to January 27, 2020. The sheriff's sale was held to satisfy the second amended judgment, which did not include attorney fees or costs incurred from April 9, 2020, to the time of the sheriff's sale. Indeed, these fees and costs were not yet approved by the district court at the time of the sheriff's sale. Furthermore, this Court rejects Freeland's fourteen-day-time limit argument. Freeland has failed to show error based on any alleged duplication of costs and attorney fees.

### 3. December 2022 costs and attorney fees

In the district court, Freeland objected to the December 2022 attorney fees claimed by AGI. Freeland asserted the attorney fees were related to a new case involving the same parties. The district court indicated it was not in a position to determine whether the claimed costs and attorney fees were solely incurred in an effort to collect the amount reflected in the second amended judgment or were also incurred as part of the new case. The district court concluded, however, that the claimed costs and attorney fees were directly related to collecting on the second amended judgment and were therefore recoverable as post-judgment costs and attorney fees.

On appeal, Freeland contends AGI knew that the December 2022 costs and attorney fees were related to the new case involving the same parties. Freeland argues the district court should have disallowed the award of costs and attorney fees on this basis or, in the alternative, should have conducted an evidentiary hearing. Freeland fails to cite to any evidence in the record to support his position that AGI knew the costs and attorney fees were related to the new case. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*. Accordingly, we will not presume error in the district court's order awarding AGI the December 2022 costs and attorney fees.

4

**4.      Reasonableness of costs and attorney fees**

Finally, Freeland argues the amount of attorney fees incurred to collect on the judgment is unreasonable. Idaho Rule of Civil Procedure 54(e)(1) provides that, "in any civil action the court may award reasonable attorney fees, including paralegal fees, to the prevailing party or parties as defined in I.R.C.P. 54(d)(1)(B), when provided for by any statute or contract." Further, I.R.C.P. 54(e)(3) provides:

> If the court grants attorney fees to a party or parties in a civil action it must consider the following in determining the amount of such fees:
> (A)      the time and labor required;
> (B)      the novelty and difficulty of the questions;
> (C)      the skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law;
> (D)      the prevailing charges for like work;
> (E)      whether the fee is fixed or contingent;
> (F)      the time limitations imposed by the client or the circumstances of the case;
> (G)      the amount involved and the results obtained;
> (H)      the undesirability of the case;
> (I)      the nature and length of the professional relationship with the client;
> (J)      awards in similar cases;
> (K)      the reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case;
> (L)      any other factor which the court deems appropriate in the particular case.

Before a court may determine whether claimed attorney fees are reasonable, it must have enough information to properly consider the factors in I.R.C.P. 54(e)(3). *Papin v. Papin*, 166 Idaho 9, 41, 454 P.3d 1092, 1124 (2019). A trial court is not required to make specific findings demonstrating how it employed any of the factors in I.R.C.P. 54(e)(3); however, it is required to consider those factors when determining the amount of the fees to award. *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 769, 86 P.3d at 475, 483 (2004).

There is no evidence to suggest the district court failed to consider all the factors in I.R.C.P. 54(e)(3). The district court specified that it considered all of the factors, noted which factors it found to be helpful in its award of costs and attorney fees, and those factors it found to be of little or no assistance. In arriving at the amount of the award, the district court indicated it had reviewed the memorandum of costs and "with respect to certain entries made adjustments based upon [its] conclusion that the time entered was either duplicative of other time entries or the

5

combined time allotted to a specific task was excessive." Freeland has not shown that the district court abused its discretion in determining the amount of post-judgment costs and attorney fees to award to AGI.

**B.      Costs and attorney fees on Appeal**

Both parties request costs and attorney fees be awarded on appeal. Idaho Code Section 12-120(3) provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
>
> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

As noted by the district court, the subject matter of this litigation is a commercial transaction. As the prevailing party on appeal, AGI is entitled to costs and to attorney fees pursuant to I.C. § 12-120(3).

## IV.

## CONCLUSION

The district court did not abuse its discretion in awarding AGI post-judgment costs and attorney fees in the amount of $11,489.06. Accordingly, the judgment is affirmed. As the prevailing party, costs and attorney fees on appeal are awarded to AGI.

Judge HUSKEY and Judge Pro Tem MELANSON, **CONCUR**.