667 P.2d 276

**Louis LOGOSZ, dba Stockmen's Realty, Plaintiff-Counter-defendant, and Respondent,**

v.

**Wayne CHILDERS and Mary E. Childers, husband and wife, Defendants, Counter-claimants, and Appellants.**

No. 14214.

Court of Appeals of Idaho.

July 28, 1983.

James T. Jones and James C. Meservy, Jerome, for Wayne and Mary Childers.

Michael O. Douglas, Hagerman, for Louis Logosz.

McFADDEN, Judge, pro tem.

The sole issue on appeal is whether the trial court erred by awarding attorney fees in the sum of $680.00 to appellants, Wayne and Mary Childers, rather than the $5,725.00 they sought. We reverse and remand.

Louis Logosz instituted an action to recover a real estate commission allegedly due him pursuant to a brokerage agreement. The Childers answered and counterclaimed, alleging breach of fiduciary duty. The Childers also filed a third-party complaint against the potential purchasers who had failed to consummate the sale. Three summary judgment motions and a motion in limine were presented by the Childers and ruled on before trial. All motions were denied and the Childers' third-party complaint against the potential purchasers was dismissed. Following a two and one-half day jury trial between Logosz and the Childers, the jury deliberated less than fifteen minutes before reaching their verdict in favor of the Childers.

The Childers' request for award of attorney fees was based upon I.C. § 12–121. It was supported by their attorney's affidavit, specifying $5,725.00 as the fees incurred in defense of the action. The affidavit stated that counsel had spent 76⅓ hours on the case, charging an hourly fee of $75.00, and that this fee was reasonable and in keeping with the general standards of the legal profession in that area. Logosz objected to the Childers' claim of entitlement to any fees, but did not object to the particular amount requested. On the question of entitlement, the trial court stated:

"[P]laintiff's case was pursued with some, but not sufficient, foundation, this finding being supported by the evidence presented and developed at the trial and the fact that the jury was able to make a unanimous disposition of the case in somewhat less than 15 minutes."

On the question of amount, the court further stated:

"I will accept [counsel for plaintiff's] argument that not all the attorney fees that the defendants underwent constitute

valid attorney fees for this action. The Court is mindful of the fact that . . . [the potential purchasers' attorney] was granted $680.00 attorney's fees in the other matter.

The Court is going to grant the defendant $680.00 attorney fees from the plaintiff to be entered as costs in this matter. The remainder of attorney fees will be denied."

On appeal, the Childers have challenged the adequacy of this award. Logosz has not cross-appealed. Thus, the sole issue is whether the trial court abused its discretion in fixing the amount awarded.

The trial court noted that not all of the time spent by the Childers' attorney was incurred in defending against Logosz' claim. However, the court made no finding as to the time allocated to this purpose. Rather, it is clear from the record that the court based its determination on what had been awarded to the potential purchasers when they prevailed in dismissal of the third-party complaint against them.

We hold that the trial court failed to properly take into consideration the factors enumerated in I.R.C.P. 54(e)(3):

"Amount of attorney fees.—In the event the court grants attorney fees to a party or parties in a civil action it shall consider the following factors in determining the amount of such fees:

(A) The time and labor required.

(B) The novelty and difficulty of the questions.

(C) The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law.

(D) The prevailing charges for like work.

(E) Whether the fee is fixed or contingent.

(F) The time limitations imposed by the client or the circumstances of the case.

(G) The amount involved and the results obtained.

(H) The undesirability of the case.

(I) The nature and length of the professional relationship with the client.

(J) Awards in similar cases.

(K) Any other factor which the court deems appropriate in the particular case."

Although the fee awarded on the third-party complaint may have been an appropriate "other factor" under clause (K), it was not the sole factor to be considered in fixing the fee award. The trial court failed to make sufficient findings on "actual time and labor" under clause (A) or other factors the court might have deemed relevant.

The case is, therefore, remanded to the trial court to redetermine the amount of attorney fees.

For guidance on remand, we note that the trial court may have placed undue reliance on the fact that Logosz had prevailed against the Childers' summary judgment motions. This should no longer be considered because the issue has been narrowed from one of entitlement to fees to one of determining the appropriate amount. Moreover, the Idaho Supreme Court addressed the issue of the weight to be given summary judgments when deciding the question of attorney fees in *Anderson v. Ethington,* 103 Idaho 658, 660, 651 P.2d 923, 925 (1982), stating:

"It is conceivable that a party may prevail on a motion for summary judgment and still have brought the claim without reasonable foundation. This situation can occur because of the rules governing summary judgment motions. . . . While a genuine issue may appear on the face of the pleadings and affidavits, it does not necessarily follow that the evidence introduced at trial sustains that position."

The case is remanded with directions to redetermine the amount of attorney fees.

Costs to appellants.

BURNETT and SWANSTROM, JJ., concur.