706 P.2d 1372

Terry HACKETT and Annette Hackett, husband and wife; Edwin Pfiel and June Pfiel, husband and wife; James Aaron and Stephanie Aaron, husband and wife; Ronald Myers and Doreen Myers, husband and wife; Gloria Whitfield, an individual; George Wilder and Barbara Wilder, husband and wife; Michelle Chabot, an individual; Robert Bennington and Betty Bennington, husband and wife; Joseph Hardin and Denise Hardin, husband and wife; Patrick Kerry and Marjorie Kerry, husband and wife; and Mary Parker Water Association, an Idaho corporation, Plaintiffs - Respondents - Cross - Appellants,

v.

Oscar J. STREETER, Defendant-Appellant-Cross-Respondent.

Nos. 15555, CA–194.

Court of Appeals of Idaho.

Oct. 3, 1985.

Alan D. Wilson, Mountain Home, for defendant-appellant-cross-respondent.

Michael J. Gaffney and James G. Reid of Anderson, Kaufman, Ringert & Clark, Boise for plaintiffs-respondents-cross-appellants.

SWANSTROM, Judge.

Oscar Streeter appeals from a district court order denying his request for an award of costs and attorney fees following a successful defense of claims filed against him. We affirm.

Terry and Annette Hackett and others (hereinafter referred to collectively as the Hacketts) brought suit against Streeter, the estate of Mary Parker (hereinafter "the Parker estate"), and three real estate companies. Streeter and the Parker estate were represented by the same attorney. The Hacketts, purchasers of residential lots developed by the Parker estate, alleged the

water system servicing the subdivision was inadequate to supply ordinary domestic needs. Following a bench trial, the district court concluded that Streeter was not liable for the faulty water system, but that the Parker estate had been negligent in its construction. Judgment for $13,276.93 was entered for the Hacketts against the Parker estate. No appeal was taken from the judgment.

The Hacketts and Streeter each sought an award of costs and attorney fees. The district court denied the Hacketts' request for an award of costs against the Parker estate. The attorney representing Streeter and the Parker estate had filed a request within the ten days provided by I.R.C.P. 54(d)(5), but the memorandum supporting this claim did not distinguish between costs and attorney fees incurred on behalf of the Parker estate and those incurred by Streeter. Therefore the district court refused to award costs and attorney fees to Streeter, saying:

> even though defendant Oscar J. Streeter prevailed on the claim against him, no memorandum was filed on his behalf within the 10 days permitted to support any costs or attorney fees incurred by him which were not necessary to the defense of the defendant Parker Estate.

On appeal, Streeter contends the district court erred by disallowing his claim for costs and attorney fees.[1] Because he filed the required memorandum within ten days following entry of the judgment, Streeter maintains he satisfied rule 54(d)(5) and rule 54(e)(5), even though the memorandum did not segregate the costs and attorney fees incurred on behalf of each defendant.

Streeter's request for attorney fees was made under I.C. § 12–121, which allows the trial court to make a fee award to the prevailing party. Idaho Rule of Civil Procedure 54(e)(1) limits the court's discretion to make such an award to instances where it finds "that the case was brought, pur-

sued or defended frivolously, unreasonably or without foundation." In its memorandum decision, the district court stated: "I find absolutely no basis whatever to hold Streeter liable for any of the damages incurred by any plaintiffs in this action." Streeter contends this is a finding that the Hacketts pursued their claims against Streeter frivolously, unreasonably or without foundation. We need not decide today whether such a finding has been made, for even if we did adopt such a view, the result would be unchanged under our analysis of the sufficiency of the claim.

A claim for attorney fees must be supported by "an affidavit of the attorney stating the basis and method of computation of the attorney fees claimed." I.R.C.P. 54(e)(5). We recognize that the introduction of hourly time sheets into evidence is not a prerequisite to an award of reasonable attorney fees. *State ex rel Kidwell v. U.S. Marketing, Inc.*, 102 Idaho 451, 631 P.2d 622 (1981), appeal dismissed, 455 U.S. 1009, 1025 S.Ct. 1649, 71 L.Ed.2d 878 (1982). However, an award of attorney fees under I.C. § 12–121 must be supported by findings which must, in turn, be supported by the record. *Wing v. Amalgamated Sugar Co.*, 106 Idaho 905, 684 P.2d 307 (Ct.App.1984).

In addition, rule 54(e)(3) sets forth factors to be considered by the district court in fixing the amount of attorney fees awarded:

(A) The time and labor required.

(B) The novelty and difficulty of the questions.

(C) The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law.

(D) The prevailing charges for like work.

(E) Whether the fee is fixed or contingent.

---

1. The Hacketts filed a notice of cross-appeal and in their brief filed in response to Streeter's appellate brief, identified three issues on cross appeal. However, the Hacketts presented no argument in support of their position vis-a'-vis the identified issues and acknowledged at oral argument that the issues need not be addressed unless the case was remanded to the district court. In view of our holding, we do not address those issues.

(F) The time limitations imposed by the client or the circumstances of the case.

(G) The amount involved and the results obtained.

(H) The undesirability of the case.

(I) The nature and length of the professional relationship with the client.

(J) Awards in similar cases.

(K) Any other factor which the court deems appropriate in the particular case.

Rule 54(e)(3) requires the trial court to consider the enumerated factors. We have remanded cases back to the trial court when it has failed to properly consider the factors. *See Logosz v. Childers*, 105 Idaho 173, 667 P.2d 276 (Ct.App.1983).

■ Just prior to the hearing on costs, Streeter's counsel submitted an affidavit in support of the defendants' memorandum of costs and attorney fees. I.R.C.P. 54(e)(5). The affidavit gave the hourly charge for the attorney's services, the total number of hours expended and the total fee. The affidavit then stated:

That said time and fee was necessarily incurred to properly defend the defendants in this action.

That your affiant's fee arrangements with said defendants was that they would be jointly and severly [sic] liable for my total fee and costs, for the reason that the allegations in plaintiff's Complaint against each defendant were the same. That it would be impossible to separate my time or costs for each client. That your affiant's time and costs would have been the same whether he had represented one or both defendants.

Essentially this was the sole basis offered for the award of attorney fees. Apart from the hourly rate shown, there was no evidence as to the reasonableness of the attorney fees or the nature of the legal services which made up the 137 total hours expended. Further, there was no attempt to segregate the fees incurred in rendering services to Streeter, as opposed to services rendered to assist the Parker estate.

In the case before us, all the relevant factors could not have been considered by the district court as the record does not present any information concerning the amount of attorney fees beyond the hourly rate and amount of time expended by Streeter's counsel. If we require the trial court to consider the enumerated factors in rule 54(e)(3), then it logically follows as a corollary that the court must have sufficient information at its disposal concerning those factors. Some information may come from the court's own knowledge and experience, some may come from the record of the case, but some obviously can only be supplied by the attorney of the party who is requesting the fee award.

The trial court held that Streeter did not have any actual authority or control over the installation and construction of the water system and did not purport to have such authority. This holding suggests that it would not have been equitable for the district court to have simply considered Streeter's share to be one-half of the total fees incurred. Essentially, the court was given a package deal which left it with the option of requiring the Hacketts to pay the fees of both defendants or none at all. We conclude that the court elected the only reasonable choice.

■ We believe it is incumbent upon a party seeking attorney fees to present sufficient information for the court to consider factors as they specifically relate to the *prevailing* party or parties seeking fees. Streeter has failed to do this, therefore, we find no error in the denial of a fee award to Streeter. *See Valley Inland Pacific Constructors, Inc. v. Clackamas Water District No. 2*, 43 Or.App. 527, 603 P.2d 1381 (1979) (trial court refused to allow attorney fees to the respondent, who had a contractual right to be indemnified for attorney fees resulting from another party's sole negligence, when no attempt was made to segregate attorney fees incurred in defending against negligence claims and other claims).

■ The same justification exists for denial of Streeter's request for costs. Unless otherwise ordered by the court, certain "non-discretionary" costs "actually paid"

and "reasonably incurred" are to be allowed as a matter of right to the prevailing party. I.R.C.P. 54(d)(1)(A), (B), and (C). Subdivision (D) of the rule allows the court to award additional "discretionary costs" "upon a showing that said costs were necessary and exceptional costs reasonably incurred, and should in the interest of justice be assessed against the adverse party." The affidavit of Streeter's counsel did explain the requested cost items. He stated that the costs "were necessary costs incurred by these defendants." As noted, he alleged that "it would be impossible to separate my time or costs for each client. That ... costs would have been the same whether [counsel] had represented one or both defendants." The district court concluded that the Parker estate was not a prevailing party and thus was not entitled to a cost award. Although Streeter was a prevailing party, the memorandum of costs is defective as it fails to make any distinction between costs reasonably incurred by Streeter, and those incurred by the nonprevailing defendant.

■ Streeter argues that, by agreement, he and the Parker estate are jointly and severally liable to their counsel for the total fees and costs incurred in defending the action. Therefore, he has incurred the entire amount of the fees and costs for both defendants. Thus, he is entitled to an award for the entire amount and there is no need to apportion the fees and costs between the two defendants. This is a "boot strap" argument which, if followed, would permit a non-prevailing party to have all of its fees and costs paid by a prevailing party. This clearly, would not satisfy the "interest of justice" according to the trial judge. He ultimately concluded that, as between the Hacketts and the Parker estate, "it would be most equitable [for] each party to bear their [sic] own attorney fees and costs." The record does not indicate whether either Streeter or the Parker estate has paid the costs in whole or in part. Due to the nature of joint and several liability, if the Parker estate had paid any amount of the costs, then Streeter would no longer be liable to the attorney

for that amount. Streeter is implicitly requesting that we assume he is the only party who can pay for all or part of the costs, or alternatively, that neither party has paid any amount of the costs. Based on the record before us, we have no reason to assume either circumstance. As a nonprevailing party, the Parker estate has no right to recover costs or attorney fees from the Hacketts regardless of its fee agreement with Streeter and their counsel. We conclude that the requested award of costs is not sufficiently supported by the record. We find no error in the court's denial of Streeter's request for an award of costs and fees.

The district court order is affirmed. No attorney fees on appeal. Costs to respondents, the Hacketts.

WALTERS, C.J., concurs.

BURNETT, Judge, dissenting.

The majority's decision creates a new organ in the body of Idaho jurisprudence— the doctrine of the more worthy windfall. The majority holds that if two defendants jointly incur certain costs or attorney fees, and if one of them ultimately prevails while the other does not, the prevailing defendant cannot recover any such costs or fees because the recovery would be a windfall to the nonprevailing defendant. Of course, denying all recovery is no less a windfall to the nonprevailing plaintiff. But that, evidently, is the more worthy windfall because it was the defendants' counsel who had the temerity to present the trial court with a "package deal." *Ante* at p. 264.

The fundamental problem, of course, is the majority's insistence upon framing the issue in narrow absolutes—all or nothing. Admittedly, the parties have invited this myopic choice. But in the last analysis, it is for the courts, not the parties, to say how costs and attorney fees shall be awarded under I.R.C.P. 54(d) and 54(e).

The district court apparently interpreted these rules to provide that if a defendant has prevailed, and even if certain costs and

fees were necessary to his defense, nevertheless, he is barred from any recovery unless he also shows that they were *not* necessary to *someone else's* defense. I find no explicit textual support for such an interpretation. Naturally, a court may disapprove costs or fees when necessary to prevent a double recovery by two prevailing parties who seek the same award. But that problem does not confront us here. The district court and today's majority have allowed no recovery at all.

Rule 54(d)(1)(B) recognizes the trial court's discretionary power to apportion costs "in a fair and equitable manner" among partially prevailing parties. I submit that similar discretion impliedly exists to apportion costs jointly incurred by prevailing and nonprevailing parties. I would remand the case and instruct the district court to exercise such discretion, probing beneath the parties' absolutist posturings and fashioning a just award.