104 P.3d 367

Cory SMITH, Plaintiff–Respondent–
Cross Appellant,

v.

Mark MITTON, Doug Manning & City
of Burley, Defendants–Appellants–
Cross Respondents.

No. 29816.

Supreme Court of Idaho,
Pocatello, September 2004 Term.

Dec. 17, 2004.

Rehearing Denied Jan. 10, 2005.

Parsons, Smith & Stone, Burley, for appellant. Randolph C. Stone argued.

Sara Shepard, Boise, and Huntley, Park, LLP, Boise, for respondents. Sara Shepard and Robert C. Huntley, Jr., argued.

KIDWELL, Justice.

This is a wrongful discharge case in which the employer, City of Burley, appeals the district court's judgment in favor of employee, Smith. Smith cross appeals arguing the amount of costs and attorney fees awarded is an abuse of discretion. This Court affirms the judgment of the district court.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Smith was hired by the City of Burley as a licensed lineman with the electrical department in August 1998. Smith began having problems with the new health insurance plan provided for city employees shortly after it was amended in November 1999. He voiced his concerns to the City Administrator, Mark Mitton, and the city's insurance agent, Derlin Taylor. Unable to resolve the issue, he wrote a letter to the Idaho Department of Insurance on June 28, 2000. Smith asserts that a city council member talked with Smith's supervisor about the letter, specifically referred to the allegation of the mayor's conflict of interest within the letter, and further warned that if Smith continued such behavior his employment would be terminated. Smith contends that after he sent the letter, he met with the City Administrator and the Burley City Mayor, Doug Manning, and was told they were upset with his letter to the Department of Insurance and the conflict of interest allegation.

In May 2000, the city electrical department began renovating a city building. Smith alleges he expressed concern to the Burley Facility Manager regarding the legality of the electrical department performing the requested tasks. The Facility Manager reported this concern to the City Administrator. Shortly thereafter, the state demanded the project be discontinued until the City of Burley hired a contractor. Smith alleges that in January 2001, he again voiced concerns regarding the legality of the electrical work to the Facilities Manager, who informed the Mayor and City Administrator of the objections.

In Burley, the power to fire city employees is vested in the city council. During an executive session, the Mayor and City Administrator recommended that Smith be discharged. Smith's employment was terminated on January 29, 2001.

On March 13, 2001, Smith sued the City of Burley, its City Administrator, Mark Mitton, and the City Mayor, Doug Manning. His amended complaint, filed on September 30, 2002, set forth three causes of action: (1) violation of the Idaho Protection of Public Employees (Whistleblower) Act, (2) a breach of employment contract and personnel manual, and (3) intentional infliction of emotional distress. On March 27, 2003, he filed a notice abandoning his claim of intentional infliction of emotional distress and his claims against Mark Mitton and Doug Manning.

On March 31, 2003, the case was tried before a jury. At the close of Smith's case in chief, Burley filed a motion for directed verdict on the grounds that Smith failed to comply with the notice requirements of the Idaho Tort Claims Act (ITCA) and failed to show a violation of the Whistleblower Act. The motion was denied by the district court. The jury returned a verdict in favor of Smith on the whistleblower cause of action and on the issue of a public policy exception to the

at-will doctrine. The jury found that Smith was not entitled to a verdict on the issue of a breach of the employment contract or personnel manual. Burley then filed a Motion for Judgment Notwithstanding the Verdict, again arguing that Smith failed to show a violation of the ITCA. The motion was denied. The district court held Smith was the dominant prevailing party and awarded the plaintiff 75 percent of both costs and adjusted attorney fees.

Burley timely filed a notice of appeal on July 10, 2003, arguing it was error for the trial court to deny the Motion for Directed Verdict because Smith did not plead and prove compliance with the ITCA and failed to show a violation of the Whistleblower Act. Burley also argues the trial court did not give proper jury instructions and the amount of lost wages and attorney fees awarded was improper.

Smith timely cross-appealed on July 16, 2003, and filed an amended notice of cross appeal on July 18, 2003, arguing the district court erred in adjusting the amount of costs and attorney fees awarded, and seeks attorney fees on appeal.

## II.

### STANDARD OF REVIEW

■ It is appropriate to deny a motion for directed verdict if "reasonable minds could conclude that a verdict in favor of the party against whom the motion is made is proper." *General Auto Parts Co., Inc. v. Genuine Parts Co.*, 132 Idaho 849, 855, 979 P.2d 1207, 1213 (1999) (quoting *All v. Smith's Mgmt. Corp.*, 109 Idaho 479, 480, 708 P.2d 884, 885 (1985)). "The standard of review for issues concerning jury instructions is limited to a determination of whether the instructions, as a whole, fairly and adequately present the issues and state the law. When the instructions, taken as a whole, do not mislead or prejudice a party, an erroneous instruction does not constitute reversible error." *Silver Creek Computers, Inc. v. Petra, Inc.*, 136 Idaho 879, 882, 42 P.3d 672, 675 (2002) (citing *Howell v. Eastern Idaho R.R., Inc.*, 135 Idaho 733, 24 P.3d 50 (2001)). The awarding of attorney fees and costs is within the discre-

tion of the trial court and subject to review for an abuse of discretion. *See Burns v. Baldwin*, 138 Idaho 480, 486, 65 P.3d 502, 508 (2003); *Bowles v. Pro Indiviso, Inc.*, 132 Idaho 371, 374, 973 P.2d 142, 145 (1999); *O'Boskey v. First Fed. Sav. & Loan Ass'n of Boise*, 112 Idaho 1002, 1008, 739 P.2d 301, 307 (1987).

## III.

### ANALYSIS

### A. The District Court Properly Denied The Motion For Directed Verdict.

■ "In determining whether a directed verdict or judgment n.o.v. should have been granted, the appellate court applies the same standard as does the trial court which passed on the motion originally." *Lunders v. Estate of Snyder*, 131 Idaho 689, 695, 963 P.2d 372, 378 (1998) (quoting *Quick v. Crane*, 111 Idaho 759, 764, 727 P.2d 1187, 1192 (1986)). Therefore, this Court "must determine whether, admitting the truth of the adverse evidence and drawing every legitimate inference most favorably to the opposing party, there exists substantial evidence to justify submitting the case to the jury." *General Auto Parts Co., Inc. v. Genuine Parts Co.*, 132 Idaho 849, 855, 979 P.2d 1207, 1213 (1999) (quoting *Herrick v. Leuzinger*, 127 Idaho 293, 297, 900 P.2d 201, 205 (Ct.App. 1995)). "The 'substantial evidence' test does not require the evidence be uncontradicted. It requires only that the evidence be of sufficient quantity and probative value that reasonable minds could conclude that a verdict in favor of the party against whom the motion is made is proper." *Id.* at 855, 979 P.2d at 1213 (quoting *All v. Smith's Mgmt. Corp.*, 109 Idaho 479, 480, 708 P.2d 884, 885 (1985)). A directed verdict is proper, then, "only where the evidence is so clear that all reasonable minds would reach only one conclusion: that the moving party should prevail." *Sheridan*, 135 Idaho at 785, 25 P.3d at 98 (quoting *Student Loan Fund of Idaho, Inc. v. Duerner*, 131 Idaho 45, 51, 951 P.2d 1272, 1278 (1997)).

1. **The Trial Court Did Not Err in Denying The Motion For Directed Verdict Based On Failure To Plead And Prove Compliance With The Idaho Tort Claims Act.**

■ At the close of Smith's case in chief, in which he argued a violation of the ITCA occurred, Burley moved for a directed verdict requesting Smith's cause of action be dismissed for failure to plead and prove compliance with the ITCA. Failure to comply with the notice requirements of the ITCA is an affirmative defense. *See S. Griffin Const., Inc. v. City of Lewiston*, 135 Idaho 181, 184, 16 P.3d 278, 281 (2000). However, Burley does not challenge Smith's compliance with the notice requirements, Burley argues Smith did not plead and prove that the requirements had been met. To support the assertion that Smith has a duty to plead and prove compliance with the ITCA, Burley relies on I.R.C.P 9(c), which states, "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."

■ Idaho courts have not mandated that the requirements set forth in I.R.C.P. 9(c) apply to the ITCA. The Idaho Supreme Court has held, "Certainly, as long as the notice is delivered to the secretary's office, it is sufficient." *Huff v. Uhl*, 103 Idaho 274, 277, 647 P.2d 730, 733 (1982) (requiring plaintiff to give notice under the ITCA). Smith was fired on January 29, 2001, and a Notice of Tort Claim was timely filed on March 12, 2001. This Court finds no error in denying the Motion for Directed Verdict based on failure to plead and prove compliance with the ITCA.

2. **The Trial Court Did Not Err In Denying The Motion For Directed Verdict Based On Failure To Show A Violation Of The Idaho Protection Of Public Employees (Whistleblower) Act.**

■ Burley argues Smith has failed to show a violation of the Whistleblower Act, and therefore, the Motion for Directed Verdict should not have been denied. Idaho Code § 6–2104 of the Idaho Protection of Public Employees (Whistleblower) Act states, "An employer may not take adverse action against an employee because the employee ... communicates in good faith the existence of any waste of public funds ... or a violation or suspected violation of a law, rule or regulation ...." Burley contends Smith was fired because he had a negative attitude, not for writing a letter to the Department of Insurance, which indicated there was a waste of public funds, or for questioning whether the requested tasks at work violated Idaho law. While there is conflicting evidence as to why Smith was fired, it was proper to deny the motion for directed verdict if "reasonable minds could conclude that a verdict in favor of the party against whom the motion is made is proper." *General Auto Parts Co., Inc. v. Genuine Parts Co.*, 132 Idaho 849, 855, 979 P.2d 1207, 1213 (1999) (quoting *All v. Smith's Mgmt. Corp.*, 109 Idaho 479, 480, 708 P.2d 884, 885 (1985)). In its opinion denying the Motion for Judgment Notwithstanding the Verdict, the trial court listed some evidence regarding Smith, which was presented to the jury:

a. He was unhappy with the change in the City's insurance plan and believed there was a conflict of interest;

b. He communicated his frustrations with his supervisor, and others;

c. He was warned such communications could cost him his job;

d. He wrote a letter to the Department of Insurance;

e. The letter upset the Mayor;

f. He complained by word and deed, his belief the City was violating the law by using unlicensed electricians on job sites;

g. Even the State Inspector thought the City was violating the law;

h. Smith's supervisor was given the assignment to speak to him regarding problems with the Mayor, insurance, and Smith's communications;

i. His supervisor and fellow workers did not believe he exhibited the "bad atti-

tude" which was the City's stated reason for firing him;

j. He was such a good employee, his supervisor tried to get the City to reverse its firing.

In addition, Smith's performance evaluation for November, just two months prior to his termination, includes comments that he had a "good attitude" and was "generally enthusiastic." In regards to his interaction with co-workers, his evaluators note that he was "[a]lert to offer assistance where it may assure a higher level of efficiency/builds cohesion among co-workers." In response to Burley's Motion for Directed Verdict, the district judge stated:

I think an inference could be made from the facts before the jury that [the reason Smith was fired] wasn't an attitude problem, it was something else. And through witnesses we have focused on two things. One is the complaint to the insurance commissioner and the other one is the work on the TSI building and the work on the old Rite Aid building. It simply seems to me that that these are jury questions that the jury should answer, and I'm going to deny the motion for directed verdict and we'll continue the case.

This Court affirms the trial court's conclusion that the evidence presented is adequate to support a reasonable jury's finding that there was a violation of the Whistleblower Statute; therefore, it was not error to deny the Motion for Directed Verdict.

**B. The Jury Instructions Regarding Lost Wages Were Proper And There Was No Error In The Amount Of Lost Wages Awarded.**

■■■ The correctness of jury instructions "is a question of law over which this Court exercises free review, and the standard of review of whether a jury instruction should or should not have been given, is whether there is evidence at trial to support the instruction." *Clark v. Klein,* 137 Idaho 154, 156, 45 P.3d 810, 812 (2002). "The standard of review for issues concerning jury instructions is limited to a determination of whether the instructions, as a whole, fairly and adequately present the issues and state the law.

When the instructions, taken as a whole, do not mislead or prejudice a party, an erroneous instruction does not constitute reversible error." *Silver Creek Computers, Inc.,* 136 Idaho at 882, 42 P.3d at 675 (citing *Howell v. Eastern Idaho R.R., Inc.,* 135 Idaho 733, 24 P.3d 50 (2001)).

■■■ Burley argues the district court erred in giving the following jury instructions regarding lost wages:

If you decide for the Plaintiff on the question of wrongful discharge, violation of employment contract, or violation of the Whistleblower Statute, you must then fix the amount of money which will *reasonably and fairly compensate* him for any of the following elements of damage proved by the evidenced to have been proximately caused by the wrongful conduct of the Defendant:

1. You may award as actual damages an amount that reasonable compensates the Plaintiff for any lost wages (taking into consideration the amount of money the Plaintiff would have awarded had he not been terminated, less the sum he earned after the termination);

2. You may award as actual damages an amount that reasonable compensates the Plaintiff for any lost benefits (taking into consideration the amount of benefits the Plaintiff would have awarded had he not been terminated, less the benefits he earned after the termination).

Whether any of these elements of damage has been proven by the evidence is for you to determine.

(Emphasis added.) Burley maintains that the jury should have been specifically advised that the award could not be based on speculation or conjecture, citing *Moeller v. Harshbarger,* 118 Idaho 92, 93, 794 P.2d 1148, 1149 (Ct.App.1990). More recent cases before this Court have mandated when considering an award of damages for future losses, the question is whether the plaintiff has proven the damages with reasonable certainty. *Hummer v. Evans,* 129 Idaho 274, 280, 923 P.2d 981, 987 (1996); *O'Dell v. Basabe,* 119

Idaho 796, 812, 810 P.2d 1082, 1098 (1991). Any claim of damages for prospective loss contains an element of uncertainty, but that fact is not fatal to recovery. *O'Dell* at 812, 810 P.2d at 1098. "The most elementary conceptions of justice and public policy require that the wrongdoer shall bear the risk of the uncertainty which his own wrong has created." *Id.* at 812–13, 810 P.2d at 1098–99 (citing *Bigelow v. RKO Radio Pictures,* 327 U.S. 251, 265, 66 S.Ct. 574, 580, 90 L.Ed. 652, 660 (1946)). "[T]he jury may make a *just and reasonable* estimate of the damage based on relevant data, and render its verdict accordingly." *Id.* at 812, 810 P.2d at 1098 (quoting *Bigelow* at 264, 66 S.Ct. at 580, 90 L.Ed. at 660). In this case, the instruction mandates that the amount of lost wages awarded be fair and reasonable. This meets the "just and reasonable" standard mandated by this Court and United States Supreme Court. As such, this Court holds the district court's jury instructions regarding lost wages were adequate.

Burley asserts the amount of lost wages awarded is improper. Burley contends the formula is based upon a hypothetical 40–hour week, 52–week year and excludes all overtime wages Smith earned at the job he accepted after he was discharged. Burley further argues that during his employment with Burley, Smith repeatedly applied for the job he accepted after his termination. Conversely, Smith asserts the calculations for lost wages are proper. He claims assumptions regarding overtime are not made; the 40–hour week is used in the formula because those are his guaranteed hours. Smith insists the position he later accepted was not only inferior to the positions he had applied for previously and to the position he had with Burley, but it also required him to move. Additionally, Smith asserted the job he accepted was for a lower hourly rate than his job at Burley.

■ This Court will only set aside a trial court's findings of fact if they are clearly erroneous. I.R.C.P. 52(a) (2002); *McCray v. Rosenkrance,* 135 Idaho 509, 513, 20 P.3d 693, 697 (2001); *In re Williamson,* 135 Idaho 452, 454, 19 P.3d 766, 768 (2001). In deciding whether findings of fact are clearly errone-

ous, this Court determines whether the findings are supported by substantial, competent evidence. *In re Williamson* at 454, 19 P.3d at 768. Evidence is substantial if a reasonable trier of fact would accept it and rely on it. *Id.* Findings based on substantial, competent evidence, although conflicting, will not be disturbed on appeal. *Bolger v. Lance,* 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002).

■ The district court's findings are not clearly erroneous. When the district court denied the Motion for Judgment Notwithstanding the Verdict, it noted:

> Evidence was submitted to the jury regarding what [Smith's] wages had been, what they were subsequent to the termination, and what they had become. Some hard numbers were given to the jury, some reasonable assumptions were also proposed. This court does not find the award of lost wages to be based on hypothetical or speculative proof.

Evidence included testimony at trial and numerous earnings statements from both the City of Burley and the company with which Smith became employed after his termination from Burley. This Court finds that the jury's calculation of lost wages is based on substantial, competent evidence and should not be disturbed on appeal.

## C. The Jury Instructions Regarding The Public Policy Exception To The At–Will Doctrine Constitute Harmless Error.

■ Burley argues that both the initial and supplemental jury instructions regarding the public policy exception to the at-will doctrine fail to meet the standard set forth in *Thomas v. Medical Center Physicians,* 138 Idaho 200, 61 P.3d 557 (2002), which states, *"Once the court defines the public policy,* whether the public policy was violated is a question for the jury." *Thomas,* 138 Idaho at 209, 61 P.3d at 564 (emphasis added). The instructions list several activities previously protected under the public policy exception in Idaho, which include the reporting of electrical building code violations. Additionally, the jury was given copies of I.C. § 54–1002(1) and (2), which state that it is unlawful to act as an electrical

contractor or a journeyman electrician unless so licensed. However, Burley correctly contends that the judge did not define the public policy being protected before asking the jury to decide whether public policy had been violated; therefore, the instructions fail to meet the standard set forth in *Thomas.* While the instructions were not proper, an error that does not affect the substantial rights of a party shall be disregarded as harmless error. I.R.C.P. 52. Here, the mistake constitutes harmless error because Smith can recover lost wages due to Burley's violation of the Whistleblower Act, regardless of whether the instructions concerning the public policy exception were erroneous.

### D. Attorney Fees

■ An award of attorney fees and costs is within the discretion of the trial court and subject to an abuse of discretion standard of review. *See Burns v. Baldwin,* 138 Idaho 480, 486, 65 P.3d 502, 508 (2003); *Bowles v. Pro Indiviso, Inc.,* 132 Idaho 371, 374, 973 P.2d 142, 145 (1999); *O'Boskey v. First Fed. Sav. & Loan Ass'n,* 112 Idaho 1002, 1008, 739 P.2d 301, 307 (1987). The party disputing the award of attorney fees has the burden of showing an abuse of discretion. *Nampa & Meridian Irr. Dist. v. Washington Fed. Sav.,* 135 Idaho 518, 525, 20 P.3d 702, 709 (2001). The district court's determination of a reasonable amount of attorney fees is a factual determination to which this Court applies an abuse of discretion standard of review. *See State v. Byington,* 132 Idaho 589, 592, 977 P.2d 203, 206 (1999) (citing *Miller v. Echo-Hawk,* 126 Idaho 47, 878 P.2d 746 (1994)).

#### 1. The Trial Court Did Not Err In Awarding Attorney Fees To Smith.

■ Burley asserts that the trial court erred in awarding attorney fees to Smith for several different reasons. First, Burley contends that Smith's cost bill does not distinguish between costs incurred relating to claims pursued at trial and those abandoned before trial. Burley cites *Hackett v. Streeter,* 109 Idaho 261, 706 P.2d 1372 (Ct.App.1985), to support the argument that the attorney fees need to be segregated, however, the holding of *Hackett* is not applicable to the

present case. In *Hackett,* the court refused to award attorney fees when there was no attempt to segregate fees incurred while representing a client, who was found liable, and another client, who was not found liable. The court noted, "it is incumbent upon a party seeking attorney fees to present sufficient information the court to consider factors as they specifically relate to the *prevailing* party or parties seeking fees." *Id.* at 264, 706 P.2d at 1375 (emphasis in original). That case is easily distinguished from the present case. Smith's counsel only represented one party. *Hackett* mandates segregation of fees for multiple clients; it does not require that fees be segregated according to the specific claims of each client. Therefore, Burley's argument that it was error to award attorney fees based on failure to distinguish between costs incurred relating to claims pursued at trial and those abandoned prior to trial fails.

■ Additionally, Burley argues that Smith has failed to comply with I.R.C.P. 54(e)(5) since he did not file an affidavit stating the basis and method of computation of attorney fees. Smith argues Burley did not raise that argument below and, as a result, is prohibited from doing so now. Burley contends that while it did not specifically refer to I.R.C.P. 54(e)(5) in its Motion to Disallow Costs, it argued noncompliance with I.R.C.P. 54(e)(5) when it included in its Motion to Disallow Costs, "[Smith's] application fails to comply with I.R.C.P. 54(e)(3) and *Hackett v. Streeter,* 109 Idaho 261, 706 P.2d 1372 (Ct.App.1985)." Burley claims, "the key requirement of *Hackett* was that a claim for attorney fees must be supported by an affidavit." Therefore, Burley contends when it argued Smith failed to comply with *Hackett,* it was arguing Smith failed to submit an affidavit. While *Hackett* at one point states that a claim for attorney fees needs to be supported by an affidavit, in reading *Hackett* in its entirety, the key argument is not that the party failed to submit an affidavit; the argument is that the affidavit was insufficient. As previously discussed, the decision to deny attorney fees in *Hackett* was largely based on the fact that "there was no attempt to segregate the fees incurred in rendering

services to [one client], as opposed to services rendered to assist [a different client]." *Id.* It appears Burley referred to *Hackett* in its Motion to Disallow Costs to support the particular argument that fees needed to be segregated, not to support an argument that Smith failed to comply with I.R.C.P 54(e)(5). We conclude that Burley did not intend to raise the issue of compliance with I.R.C.P 54(e)(5) below and cannot argue it now.

 Finally, Burley asserts that Smith did not make required general or specific findings regarding I.R.C.P. 54(e)(3), which lists various factors to be considered in awarding fees. This Court has held that Rule 54(e)(3) does not require the district court to make specific findings in the record, only to consider the stated factors in determining the amount of the fees. *Empire Fire and Marine Ins. Co. v. North Pacific Ins. Co.*, 127 Idaho 716, 720, 905 P.2d 1025, 1029 (1995); *Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 351, 766 P.2d 1227, 1232 (1988). When considering the factors, courts need not demonstrate how they employed any of those factors in reaching an award amount. *Empire Fire*, 127 Idaho at 720, 905 P.2d at 1029; *Irwin Rogers Ins. Agency, Inc. v. Murphy*, 122 Idaho 270, 277, 833 P.2d 128, 135 (Ct. App.1992). Therefore, it was not error for the district court to deny the Motion to Disallow Costs based on failure to make general or specific finding as to I.R.C.P. 54(e)(3).

Because the district court is not required to make specific findings as to I.R.C.P 54(e)(3), the district court was not required to segregate fees under *Hackett* and because Burley failed to argue Smith failed to comply with I.R.C.P 54(e)(5) at the trial court level, this Court holds that it was not an abuse of discretion of the district court to award attorney fees to Smith.

## 2. The District Court's Adjustments In The Amount Of Costs And Attorney Fees Were Appropriate.

Smith argues that the district court erred in adjusting the amount of attorney fees and further awarding only 75 percent of the amount of costs and adjusted attorney fees.

 The district court's determination of a reasonable amount of attorney fees is a factual determination to which this Court applies an abuse of discretion standard of review. *See State v. Byington*, 132 Idaho 589, 592, 977 P.2d 203, 206 (1999) (citing *Miller v. EchoHawk*, 126 Idaho 47, 878 P.2d 746 (1994) ("Factual findings that are the basis for an exercise of discretion ... are subject to a substantial and competent evidence standard of review.")). An award of attorney fees is a matter best left to the sound discretion of the trial court, and the burden is upon the appellant to demonstrate that the trial court abused its discretion. *Hellar v. Cenarrusa*, 106 Idaho 571, 577, 682 P.2d 524, 530 (1984). In reviewing an exercise of discretion, this Court must consider "(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason." *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

 Smith requested attorney fees pursuant to I.C. § 6–2106. It is clear the district court correctly perceived the issue as one of discretion when it noted that I.C. § 6–2106 states that a court "may" order "payment by the employer of reasonable costs and attorneys' fees" in rendering a judgment under the Whistleblower Statute. It is demonstrated that the trial court acted within the outer boundaries of its discretion and consistently with the legal standards when it considered the factors set forth in I.R.C.P 54(e)(3) to determine a reasonable award of attorney fees. The district found there was no need for two attorneys to represent Smith and awarded substantially less than the claimed fees for one of the two attorneys. Additionally, the district court deducted travel fees claimed by the attorneys by reasoning that a defendant in a lawsuit should not be required to pay the travel costs of lawyers living outside the area. Finally, the district court's analysis demonstrates that it reached its decision by an exercise of reason. This Court finds that the trial court did not abuse

its discretion and affirms the award of attorney fees with adjustments.

 Next, the district court found it was appropriate to award 75 percent of the costs and adjusted attorney fees by allocating the amount of costs and attorney fees awarded between the parties under I.R.C.P. 54(d)(1)(B), which reads:

A Judge may determine that a party to an action prevailed in part and did not prevail in part, and thus the Judge may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

When both parties are partially successful, it is within the court's discretion to decline an award of attorney fees to either side. *Burnham v. Bray*, 104 Idaho 550, 554–55, 661 P.2d 335, 339–40 (Ct.App.1983). In *Burnham*, this Court noted, "Although the [district] judge acknowledged [Burnham] 'technically won the lawsuit,' his decision—when read in its entirety—indicated that both the plaintiffs and the defendants had been partially 'successful.' " *Id.* at 554, 661 P.2d at 339. The district court's finding that it was appropriate to decline to award attorney fees since the opposing party prevailed on some claims was upheld on appeal. *Id.* at 554–55, 661 P.2d at 339–40. In this case, Smith was the dominant prevailing party, although Burley prevailed on some issues, including the claims against Mitton and Manning, the claim for intentional infliction of emotional distress, in addition to the jury's finding that there was no breach of the employment contract or personnel manual. Since it is within the court's discretion to deny attorney fees to either party when both prevail on some claims, the award of 75 percent of costs and adjusted attorney fees was well within the district court's discretion, and the 25 percent reduction is upheld on appeal.

### 3. Smith Is Not Entitled To Attorney Fees On Appeal.

Because both parties are partially successful, this Court denies Smith's request for attorney fees on appeal.

## IV.

## CONCLUSION

The district court properly denied Burley's Motion for Directed Verdict. The jury instructions regarding lost wages were proper and the jury instructions regarding the public policy exception to the at-will doctrine constitute harmless error. We affirm the amount of lost wages, attorney fees and costs awarded to Smith. Smith's request for attorney fees on appeal is denied. Costs are awarded to Respondent Smith.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and BURDICK concur.