# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51680

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff,<br><br>v.<br><br>DURRAND JUSTIN PENNINGTON,<br><br>      Defendant-Respondent.<br><br>and<br><br>ANGELA K. PENNINGTON,<br><br>      Aggrieved Party-Appellant. | Filed: October 1, 2025<br><br>Melanie Gagnepain, Clerk<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Kiley Stuchlik, District Judge.

Order denying motion for costs and attorney fees in contempt action, <u>affirmed</u>.

Angela K. Pennington, New Plymouth, aggrieved party-appellant.[1]

Bevis, Thiry, Henson & Katz, P.A.; Ryan P. Henson, Boise, for respondent.

_____

MELANSON, Judge Pro Tem

Angela K. Pennington appeals from the district court's order denying her motion for costs and attorney fees. We affirm.

_____

[1]     Tessa J. Bennett (Legacy Law Group, PLLC) was counsel for Angela K. Pennington before the district court and on appeal. After the briefs on appeal were filed, Bennett's license to practice law was cancelled after she resigned her bar membership in lieu of discipline. Notice was provided to appellant, but no substitute counsel has appeared in this appeal. Therefore, appellant appears pro se.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal stems from a contempt trial in which Angela was charged with two counts of contempt for refusing to comply with two court orders. During Angela and Durrand Pennington's marriage, and while their divorce was pending, the State charged Durrand with domestic battery with traumatic injury under I.C. § 18-918(2)(a). A no-contact order was issued prohibiting Durrand from contacting Angela or accessing the couple's home where Angela resided. The district court granted Durrand's motion for an exception to the no-contact order so that his attorney and investigator could visit the home to gather information for trial in the criminal case. The second order stated that Angela was "to ensure that the defense has access to the property, including the residence during that time. The Payette County Sheriff Deputy will accompany [Durrand's attorney] to ensure that this Order is complied with."

Durrand's attorney filed a motion for contempt several weeks later, claiming that Angela violated the first order by being present when Durrand's attorney was supposed to access the property and by erecting a barbed wire fence to prevent his access. The motion also claimed Angela violated the district court's second order by being present at the residence during the time Durrand's attorney was supposed to access it. Durrand's attorney filed an affidavit in support of the contempt motion, claiming that Angela and her attorney were present at the property on both occasions. The district court held a trial for the two counts of contempt against Angela and granted her motion to dismiss the charges because Durrand failed to prove the identity of Angela as the alleged contemnor. The district court dismissed both charges with prejudice.

Angela's attorney filed a motion and memorandum for costs and attorney fees incurred because of the contempt motion and trial pursuant to I.R.C.P. 54 and I.C. §§ 12-121 and 7-610. She claimed $64,637.50 in attorney fees and $140 in costs. Durrand filed a motion to disallow the costs and attorney fees, arguing that all time entries in the memorandum were categorized as "Divorce." Durrand also noted that approximately 125.3 hours in the memorandum pre-dated the motion for contempt that Angela was served with. Durrand's motion also claimed the time entries lacked sufficient detail to evaluate the claimed costs and attorney fees. Durrand filed a notice of intent to seek I.R.C.P. 11 sanctions. Counsel for Angela then filed an amended motion for costs and attorney fees with a new memorandum of fees, reducing the amount sought to $51,705 without

changing the time entries. After a hearing, the district court entered an order denying the amended motion for costs and attorney fees. Angela appeals.

## II.

## STANDARD OF REVIEW

This Court reviews a district court's decision of whether to award attorney fees under I.C. § 12-121 for an abuse of discretion. *Kesting v. Kesting* 160 Idaho 214, 216, 370 P.3d 729, 731 (2016). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

### A. Appellant's Brief

Before evaluating Angela's arguments on appeal, this Court notes her brief fails to follow the Idaho Appellate Rules. It appears Angela attempted to provide documents to supplement the clerk's record by attaching these documents to her brief. This violates I.A.R. 28(a) and (c), which provide that parties are responsible for designating documents comprising the clerk's record and that parties must request additional documents not included in the clerk's record as standard practice. The additional seventy-eight pages, comprised of orders, motions and other records from the proceedings below, are not a permissible addendum of reproduced documents under I.A.R. 35(f). Thus, Angela impermissibly attempted to amend the record by attaching the documents to her brief.

Angela also violated I.A.R. 34(b), which provides that briefs may not exceed fifty pages. The fifty-page limit excludes "covers, the caption page, the table of contents, the table of authorities, the certificate of service, and any addendums or exhibits." It appears Angela's brief is forty pages, excluding these sections. However, the additional seventy-eight pages following her brief do not qualify as an addendum and are therefore considered part of Angela's brief. As a result, her brief exceeds the fifty-page limit of I.A.R. 34(b).

In addition, Angela violated I.A.R. 35(a)(4) by failing to provide a list of the issues presented on appeal. The failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of the issue from appeal. *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991). This rule may be relaxed, however, where the issue is argued in the briefing and citation to authority is provided. *Everhart v. Wash. Cnty. Rd. & Bridge Dep't*, 130 Idaho 273, 274, 939 P.2d 849, 850 (1997). Angela loosely addressed the issues on appeal in the "Outline of the Argument" section. To the extent this section is intended as a statement of the issues as contemplated by I.A.R.35(a)(5), it is deficient.

Finally, while Angela occasionally cites to transcripts, she fails to cite to portions of the record on appeal to which her assertions relate. Idaho Appellate Rule 35(a)(6) requires that the argument contain the contentions of the appellant with citation to the authorities, statutes, and parts of the transcript and record relied upon. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Despite these deficiencies, this Court will consider her arguments because we can determine that Angela appeals from the district court's denial of her motion for costs and attorney fees based on the "Outline of the Argument" and "Statement of the Case" sections. Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court. *Liponis v. Bach*, 149 Idaho 372, 374, 234 P.3d 696, 698 (2010). Angela includes citations to Idaho statutes and the Idaho Appellate Rules in her "Outline of the Argument" section. She also addresses the issue of her appeal and denial of attorney fees, with citations to authority in her substantive sections. Thus, we consider her argument on appeal in spite of the noted deficiencies in her brief on appeal.

## B. District Court's Denial of Attorney Fees

The factors to be considered in determining the reasonableness of an award of attorney fees are set forth in I.R.C.P. 54(e)(3). The court must consider all of those factors. *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 769, 86 P.3d 475, 483 (2004). The factors set forth in I.R.C.P. 54(e)(3) are:

> (A)  the time and labor required;
> (B)  the novelty and difficulty of the questions;

(C) the skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law;

(D) the prevailing charges for like work;

(E) whether the fee is fixed or contingent;

(F) the time limitations imposed by the client or the circumstances of the case;

(G) the amount involved and the results obtained;

(H) the undesirability of the case;

(I) the nature and length of the professional relationship with the client;

(J) awards in similar cases;

(K) the reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case;

(L) any other factor which the court deems appropriate in the particular case.

The court is required to consider all eleven factors listed in I.R.C.P. 54(e)(3), plus any other factor the court deems appropriate. *Lettunich v. Lettunich*, 141 Idaho 425, 435, 111 P.3d 110, 120 (2005). If we require the trial court to consider the enumerated factors in I.R.C.P. 54(e)(3), then it logically follows as a corollary that the court must have sufficient information at its disposal concerning those factors. *Hackett v. Streeter*, 109 Idaho 261, 264, 706 P.2d 1372, 1375 (Ct. App. 1985). Additionally, "[s]ome information may come from the [trial] court's own knowledge and experience, some may come from the record of the case, but some obviously can only be supplied by the attorney of the party who is requesting the fee award." *Id.* Thus, because a court must consider all of the I.R.C.P. 54(e)(3) factors before awarding attorney fees, those fees are properly denied where the party claiming them does not provide the information necessary to permit the court to evaluate those factors. *Bailey v. Bailey*, 153 Idaho 526, 531, 284 P.3d 970, 975 (2012).

The district court found that the billing statements provided by Angela's counsel did not allow it to determine the amount of attorney fees associated with the time counsel spent on the contempt case versus the time spent on other cases in which counsel was representing Angela because all the time entries were billed under the heading "Divorce." The district court also found that some time entries were claimed months before the contempt case was initiated. Perhaps most telling, the district court noted that only after Durrand's counsel threatened to bring a motion for I.R.C.P. 11 sanctions did Angela's counsel amend the memorandum of costs and attorney fees by reducing the amount by $12,923.50. Even after this amendment, there was no explanation for the reduction in the claimed time entries. The district court found numerous other deficiencies which we need not address here. The district court's finding that Angela's counsel failed to provide the

information necessary to evaluate all the I.R.C.P. 54(e)(3) factors is supported by substantial and competent evidence.

The district court correctly perceived the issue as one of discretion, acted within the boundaries of its discretion, and consistently with the legal standards applicable to a determination of attorney fees awards as evidenced by its analysis of the factors under I.R.C.P. 54(e). The district court's order also properly analyzed the prevailing party under I.R.C.P. 54(d)(1)(B) and evaluated the requirements of I.C. § 12-121 and I.C. § 7-610. As to the final element of the abuse of discretion standard, the district court's order shows a decision reached by the exercise of reason. Therefore, Angela has failed to show the district court abused its discretion in denying her motion for costs and attorney fees.

## C.     Costs and Attorney Fees on Appeal

Angela and Durrand both request an award of attorney fees on appeal. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. Because Angela is not the prevailing party on appeal, she is not entitled to an award of attorney fees. Durrand is the prevailing party on appeal. While Angela did not prevail, we do not find that she pursued this appeal without any basis in fact or law. The district court found that Angela's motion was timely, that she was the prevailing party, and that there was a statutory basis to award attorney fees. While the district court found that Angela failed to satisfy the I.R.C.P. 54(e) factors, she makes some colorable arguments on appeal regarding the information considered and not considered by the district court in support of its finding. Therefore, we do not award attorney fees to Durrand. Costs on appeal are awarded to Durrand pursuant to I.A.R. 41.

### IV.

### CONCLUSION

Angela has not shown that the district court erred in denying her motion for costs and attorney fees. Therefore, the order denying costs and attorney fees is affirmed. Costs, but not attorney fees, on appeal are awarded to respondent Durrand.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

6